[No. 35669. Department Two. April 27, 1961.]

THE STATE OF WASHINGTON, *on the Relation of Ralph L. Green, Relator,* v. THE SUPERIOR COURT FOR KING COUNTY, *James W. Hodson, Judge, Respondent.*\*

*Henry Opendack*, for relator.

*A. C. Van Soelen* by *Charles R. Nelson*, for respondent.

FOSTER, J.—This is an application to prohibit the superior court from vacating upon motion its own final judgment in a certiorari proceeding discharging the relator from pending prosecutions for multiple violations of a municipal ordinance.

On May 23, 1960, the relator filed an application for a

\*Reported in 361 P. (2d) 643.

writ of certiorari in the superior court of the state of Washington for King county. The gist of the showing was that relator Green was charged with twenty-one parking violations before William H. Simmons as municipal judge. Upon trial, four of the said offenses were dismissed, the rest were continued, and the relator alleged that he was to be tried for a single violation every week for seventeen weeks.

After hearing, the court entered a final judgment in which the remaining charges were ordered dismissed in the municipal court, and the relator discharged. Thereafter, Municipal Judge William H. Simmons, the respondent in the certiorari proceeding, served and filed a "Motion to Set Aside Order and for Rehearing," which motion, omitting the formal parts thereof, is as follows:

"Comes now Respondent William H. Simmons, Municipal Court Judge, Department No. 2, City of Seattle, by and through his attorneys, A. C. Van Soelen, Corporation Counsel, and Charles R. Nelson, Assistant, and respectfully moves the court for an order granting to Respondent, a rehearing upon this matter in order that Respondent may submit further authority and argument to the court; and for a further order setting aside the Order entered in this cause on June 1, 1960.

"This motion is based on the files and records herein."

Upon the hearing on the motion to vacate, the court announced that it believed it had ruled erroneously in granting the writ of certiorari, and that it would correct such mistake by vacating the judgment.

The sole issue presented by this application for prohibition is not the action of the municipal judge in resetting the case before him or in calling up one ticket a week for seventeen weeks, but the power of the superior court to vacate its own judgment by the motion previously noticed.

Rule of Pleading, Practice and Procedure 59.04W, RCW Vol. 0, provides nine separate grounds upon which a new trial may be granted, among which is error in law occurring at the trial. In the argument here, the respondent makes two contentions:

"I. The court may set aside a void order on its own motion or upon the motion of an interested party.

"II.  The order entered in this cause on June 1, 1960 was void for lack of jurisdiction."

In support of the claims that the court has the power to vacate a void judgment, three cases are relied upon: *Ballard Sav. & Loan Ass'n v. Linden,* 188 Wash. 490, 62 P. (2d) 1364; *Batchelor v. Palmer,* 129 Wash. 150, 224 Pac. 685; and *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123. These cases were correctly decided because there was involved either a judgment which had been entered without the service of summons or a judgment which had been entered before the expiration of the twenty days specified in the summons for appearance. The court obviously had no jurisdiction over the person of the defendants and, in consequence, the judgments were void.

Here, however, there was proper service of the alternative writ of certiorari and an actual appearance by the corporation counsel of the city of Seattle on behalf of the respondent, Municipal Judge Simmons, so that there is no question of jurisdiction over the person of the respondent.

Jurisdiction to grant writs of certiorari is expressly conferred on the superior court by Art. IV, § 6, of the constitution and RCW 2.08.010, and the procedure is regulated by RCW chapter 7.16, so no question arises over jurisdiction of the subject matter. The superior court had jurisdiction over both the subject and the person of respondent.

It may very well be, as the respondent argues upon the authority of *State ex. rel. O'Brien v. Police Court,* 14 Wn. (2d) 340, 128 P. (2d) 332, 141 A. L. R. 1257, that the court decided wrongly on the application for certiorari, but jurisdiction does not depend upon a correct decision. The court, having jurisdiction, has the power to decide wrongly as well as rightly. *State ex rel. Troy v. Superior Court,* 38 Wn. (2d) 352, 229 P. (2d) 518.

If, in the certiorari proceeding, the court decided the issue wrongly, the error, if any, may be corrected by that court itself on a motion for a new trial or by this court on appeal, but the motion to vacate the judgment is not a substitute.

Very early in the history of this court in *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182, it was decided that errors of law could not be corrected on a motion to vacate a judgment. Accord, *McInnes v. Sutton*, 35 Wash. 384, 77 Pac. 736. More recently, in *Kern v. Kern*, 28 Wn. (2d) 617, 183 P. (2d) 811, the following statement of the rule in 1 Black on Judgments (2d ed.) 506, § 329, was approved:

" 'The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari according to the case, but it is no ground for setting aside the judgment on motion.' "

The respondent judge of the superior court is prohibited from vacating the judgment of June 1, 1960, and a writ of prohibition shall accordingly issue.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.