[No. 43497.  En Banc.  April 3, 1975.]

SARA LOUISE MARTIN, as *Administratrix, Respondent,* v.
ROBERT J. PICKERING *et al, Defendants,* MID-CENTURY
INSURANCE COMPANY, *Appellant.*

*Davies, Pearson, Anderson, Gadbow & Hayes, P.S.,* by
*Vincent L. Gadbow* and *Ronald L. Coleman,* for appellant.

*Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hern
& Johnson,* by *James A. Furber* and *Charles R. Johnson,*
for respondent.

FINLEY, J.—In this appeal, Mid-Century Insurance Co.,
appellant, contends it should have the right to intervene
and set aside a default judgment entered against two de-
fendants in an automobile accident—death claim lawsuit.
The defendants claimed they were insured by the company.

Mid-Century denied this and had refused to defend prior to the entry of the default judgment. We affirm the trial court's denial of the motions to intervene and set aside the default judgment.

The essential facts germane to the primary issues and arguments are as follows: In May 1972, plaintiff filed an action for wrongful death arising from a head-on collision involving three automobiles and the three drivers: (1) plaintiff's deceased husband; (2) defendant Susan Jeffcoat; and (3) defendant Robert Pickering. The automobile that Jeffcoat was driving had been loaned to her that day by defendant Edwin Gordon. Defendant Gordon had been loaned the automobile by the owners—defendants Hamlins. The Hamlins were insured by Mid-Century.

The Hamlins notified Mid-Century of the lawsuit. In late June 1972, Mid-Century filed an appearance and answer for the Hamlins. Subsequently, however, on July 25, 1972, the attorneys for Mid-Century withdrew from the case, ostensibly because the policy had lapsed prior to the date of the accident, thereby terminating any insurance coverage. In October 1972, defendants Jeffcoat and Gordon tendered their defense to Mid-Century. This tender was declined by Mid-Century apparently on the basis that there was no insurance coverage for the accident. Defendants Jeffcoat and Gordon did not thereafter obtain counsel.

Subsequently, a deposition of an agent of Mid-Century was scheduled and Mid-Century hired special counsel to appear with this agent at the deposition. Thereafter, on December 28, 1972, this attorney wrote to the Mid-Century's Branch Claims Manager and advised him that there was "very little likelihood" that Mid-Century could establish a defense of no coverage with respect to the accident. Consequently, he recommended that Mid-Century reconsider its prior withdrawal from the case. The attorneys who had originally appeared and answered on behalf of Mid-Century also maintained communications with the Branch Claims Manager in a series of letters, which culminated on

January 2, 1973, with a recommendation that Mid-Century authorize them to reenter the case and defend the action under a reservation of rights clause.

In April 1973, the trial court entered a default judgment of $500,000 against defendants Jeffcoat and Gordon. Mid-Century did not receive notice of the default hearing. At this time, the trial judge expressed hesitation about granting the default judgment solely on the basis of the deposition of the investigating police officer. Consequently, the trial judge ordered publication of six depositions, including those of defendants Jeffcoat and Gordon.

After entry of the default judgment, Mid-Century filed motions to intervene and to set it aside. In this connection, Mid-Century urges that the six depositions which the trial judge had ordered published were still under seal, thus casting some doubt as to whether the trial judge had read them. The motions to intervene and to set aside the default judgment were denied. By way of explanation, the trial judge stated at the hearing that he had reviewed the entire file prior to granting the judgment and that, occasionally, depositions are resealed after he reads them.

This case presents two issues for determination: (1) whether Mid-Century is entitled to intervene as of right *after* judgment has been entered against defendants allegedly insured by it; and (2) whether the trial court abused its discretion in denying the motion to vacate the default judgment.

Intervention as of right is governed by CR 24(a).[1] A critical requirement is that the motion be *timely*. A strong showing must be made to intervene *after judg-*

[1]CR 24(a) provides:

"(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

ment. *United States v. Wilhelm Reich Foundation*, 17 F.R.D. 96 (D. Me. 1954), *aff'd sub nom. Baker v. United States*, 221 F.2d 957 (1st Cir. 1955), *cert. denied*, 350 U.S. 842, 100 L. Ed. 750, 76 S. Ct. 82 (1955). In considering the question of timeliness, all the circumstances should be considered, including the matter of prior notice of the lawsuit and the circumstances contributing to the delay in moving to intervene. *NAACP v. New York*, 413 U.S. 345, 37 L. Ed. 2d 648, 93 S. Ct. 2591 (1973); *Pellegrino v. Nesbit*, 203 F.2d 463 (9th Cir. 1953). In the instant case, Mid-Century had *notice of* and indeed *appeared in the lawsuit*, but for reasons known only to itself, Mid-Century chose to withdraw from the case. Mid-Century had more than ample opportunity and time to reenter the case and to defend under a reservation of rights agreement allowing it to later deny coverage. Indeed, this course of action was strongly urged upon Mid-Century by different counsel on at least two different occasions. Mid-Century, however, ignored this advice and apparently took a calculated risk that the defendants would procure their own counsel. In short, the timing and tardiness of the motion to intervene was directly attributable to the tactics or game plan of Mid-Century. Under these circumstances, the motion to intervene *after judgment* cannot be considered timely. *See Eakins v. Burton*, 423 S.W.2d 787 (Mo. 1968); *Krenitsky v. Ludlow Motor Co.*, 276 App. Div. 511, 96 N.Y.S.2d 102 (1950); 3B J. Moore, *Federal Practice* ¶ 24.13[1] (2d ed. 1974).

Even if Mid-Century were entitled to intervene after judgment, we do not believe the trial court erred in denying the motion to vacate the judgment. Mid-Century has set forth innumerable claims of irregularities and/or misconduct, which it contends should mandate setting aside the judgment pursuant to CR 60(b).[2] The most important

---

[2]CR 60(b) provides in pertinent part:

"(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

allegations are: (1) the failure of the trial judge to read certain depositions prior to entering the default judgment; (2) misrepresentation of evidence by plaintiff's counsel to the trial judge regarding the liability of Jeffcoat and Gordon; (3) failure to give notice to Mid-Century of the taking of the default judgment; (4) the judgment entered went beyond the pleadings.

■ A motion to vacate a judgment is to be considered and decided by the trial court in the exercise of its discretion, and its decision should not be overturned on appeal unless it plainly appears that this discretion has been abused. *White v. Holm*, 73 Wn.2d 348, 438 P.2d 581 (1968). In *White*, this court stated that in reviewing a trial court's denial of a motion to set aside a judgment, two primary factors and two secondary factors should be analyzed and balanced. We have thoroughly reviewed the findings of the trial court and the record in light of the balancing process envisioned by *White*, and we are firmly convinced that the trial court did not abuse its discretion in denying the motion to vacate the judgment.

For the foregoing reasons, the order of the trial court denying the motions to intervene and to set aside the judgment should be affirmed.

It is so ordered.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

---

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

" . . .

"(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

" . . .

"(11) Any other reason justifying relief from the operation of the judgment."