[No. 6498-1. Division One. September 17, 1979.]

PAMELIN INDUSTRIES, INC., ET AL, *Respondents*, v. SHEEN–U.S.A., INC., ET AL, *Appellants*.

*Marc S. Stern* and *Elmayah Doezie,* for appellants.

*McCormick, Hoffman, Rees & Arnold, Kelly J. Arnold, Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson,* and *Dennis G. Seinfeld,* for respondents.

DORE, J.—Defendants appeal from an order conditionally vacating plaintiffs' default judgment. We reverse.

## ISSUES

1. Whether the trial court erred when granting plaintiffs' motion to strike defendants' pleadings and enter a default judgment pursuant to CR 37(b), without first entering an order directing compliance with the rule.

2. Whether the trial court erred in conditionally vacating plaintiffs' default judgment.

## FACTS

Plaintiffs sued defendant corporations (Sheen–U.S.A., Inc., Kentfield Corporation, and Kentfield Trust) and individual defendants (Kenneth and "Jane Doe" Myrick and Owen and "Jane Doe" Stevensen) for breach of contract and tortious conduct. Plaintiffs' complaint alleged that plaintiffs and the defendants entered into a contract whereby the defendants were to purchase all the stock of

Pamelin Industries, Inc., plaintiff in this action, which at that time was operating as a debtor in possession under the auspices of the bankruptcy court. It was also alleged that the defendant corporations were to provide for the payment of obligations for which plaintiffs William R. J. Lloyd, Gene T. Skrivan and Joseph P. Gallagher had personal liability and further, defendants represented that they were arranging for financing in order that they might honor the terms of the contract to purchase plaintiff corporation. It was further pleaded that plaintiffs relied on these representations which were never honored. Subsequent to the commencement of this action, Pamelin Industries, Inc., was adjudged a bankrupt.

Plaintiffs during discovery, pursuant to CR 34, requested defendants produce certain documents. Not all of the requested documents were produced. Thereafter plaintiffs served defendants with a motion:

> [F]or an order striking the pleadings of defendants, and rendering a judgment by default against defendants pursuant to CR 37(b). If, but only if, said motion is not granted, moving plaintiff requests an order pursuant to CR 37(a)(2) for an order compelling defendants to produce records pursuant to CR 34. Moving plaintiff further asks for a reasonable attorneys' fee.

The trial court granted plaintiffs' motion, ordering defendants' pleadings stricken and granting a default judgment against all defendants (corporate and individual). The trial court also made findings of fact and conclusions of law. Thereafter, defendants sought discretionary review but no further action to perfect the appeal was taken. Defendants, pursuant to CR 60(b), then moved to vacate the trial court's default judgment. The trial court granted defendants' motion conditioned on defendants' payment of plaintiffs' attorneys' fees in the amount of $2,250 and posting a $50,000 performance bond. Defendants appeal from the trial court's order conditionally setting aside the default judgment, contending, *inter alia,* that the trial court was without jurisdiction to enter the initial default judgment

against defendants pursuant to CR 37(b) and such judgment was void, and should have been unconditionally set aside. We agree.

## DECISION

ISSUES 1 and 2: The trial court, acting without jurisdiction to enter default judgment against defendants, erred in conditionally vacating the default judgment.

■ In the instant case the trial court granted plaintiffs' motion pursuant to CR 37(b) although an order compelling defendants to produce documents (CR 37(a)) had not been previously entered. A prerequisite to securing relief under CR 37(b) is the violation of an existing order. Orland states:

3. Failure to Comply with Order.

In General. CR 37(b) provides for a wide array of sanctions for failure to comply with a court order. *It should be emphasized that this subdivision is designed only to cover situations in which a court order has been made.*

(Italics ours.) 2 L. Orland, Wash. Prac. § 175 (1979), at 92.

■ This position is buttressed by 4A J. Moore *Federal Practice,* ¶ 37–05 at 90 (2d ed. 1978); *see Britt v. Corporacion Peruana De Vapores,* 506 F.2d 927 (5th Cir. 1975). In such a case, the trial court was without jurisdiction as it lacked the inherent power to make or enter the particular order involved. A judgment so entered is void. *Bergren v. Adams County,* 8 Wn. App. 853, 509 P.2d 661 (1973). As a void judgment the trial court had a duty to annul the invalid judgment. The Supreme Court in *Wiles v. Department of Labor & Indus.,* 34 Wn.2d 714, 209 P.2d 462 (1949), states at page 723:

The responsibility and duty of the court, when such a defect becomes apparent, are well defined in 49 C. J. S. 480, Judgments, § 267:

"Under or apart from statutory provisions, invalidity of the judgment as for want of jurisdiction either of the person or of the subject matter, or of the question determined and to give the particular relief granted, rendering the judgment void, as distinguished from merely voidable

or erroneous, is ground for vacating it, . . . In fact it is the duty of the court to annul an invalid judgment."

Therefore, we reverse and set aside the default judgment entered against the defendants in its entirety.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied December 19, 1979.

Review granted by Supreme Court March 21, 1980.