[No. 46778. En Banc. January 29, 1981.]

PAMELIN INDUSTRIES, INC., ET AL, *Petitioners,* v. SHEEN–U.S.A., INC., ET AL, *Respondents.*

*McCormick, Hoff, Reese & Arnold, P.S.,* and *Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, P.S.,* by *Dennis G. Seinfeld* and *John C. Kouklis,* for petitioners.

*David B. Strong and Associates,* by *Bruce E. Ridley,* for respondents.

WILLIAMS, J.—This case concerns a collateral attack on a default judgment entered against defendants (respondents) Sheen–U.S.A., Inc., and others. The Court of Appeals held the default judgment void and set it aside. We reverse.

Plaintiffs (petitioners) Pamelin Industries, Inc., and others, sued defendants for breach of a contract to purchase Pamelin by assuming its debts and purchasing the stock of the individual plaintiffs. Pamelin has since been adjudged a bankrupt.

At a deposition of individual defendants a promise was made to furnish various documents, and plaintiffs later served requests for production of these documents. Not all

of the documents were produced, however. Upon the expiration of the 20–day period provided by CR 34, plaintiffs served defendants with the following motion:

Plaintiff . . . hereby moves this court for an Order striking the pleadings of Defendants, and rendering a judgment by default against defendants pursuant to CR 37(b). If, but only if said motion is not granted, moving plaintiff requests an order pursuant to CR 37(a)(2) for an order compelling defendants to produce records pursuant to CR 34. Moving plaintiff further asks for a reasonable attorneys' fee.

Defendants did not appear at the hearing. The court found plaintiffs were "entitled to the relief requested pursuant to CR 37(b)", ordered defendants' pleadings stricken, and granted a default judgment against all defendants.

Thereafter defendants filed a notice for discretionary review which was never perfected. Over 2 months after entry of the judgment defendants moved to vacate it under CR 60(b)(1), (4), (9), and (11). The motion was granted on condition that defendants pay plaintiffs' attorney fees and post a $50,000 performance bond. The court found "[t]hat defendants' dilatory conduct prior to the entry of defendants' present counsel were prejudicial to plaintiffs" and concluded "[t]hat, in the interests of justice, defendants should be entitled to their day in court albeit only upon equitable terms to plaintiff." Although it is not clear, apparently the court acted under CR 60(b)(11), which permits vacation for "[a]ny other reason justifying relief from the operation of the judgment."

The defendants appealed the conditional order of vacation, contending that the court improperly granted plaintiffs' motion under CR 37(b) without first ordering defendants to produce documents pursuant to CR 37(a) and granting relief pursuant to CR 37(d), which was not within the scope of the motion. Defendants further contended the court acted arbitrarily, capriciously, and in excess of its discretionary powers in imposing conditions on the order granting defendants' motion to vacate the default

judgment. Finally, defendants argued they were denied due process and equal protection of the law.

The Court of Appeals reversed, holding that the order of default and judgment were void and that the trial court therefore had the duty to annul the judgment without conditions attached. *Pamelin Indus., Inc. v. Sheen–U.S.A., Inc.,* 24 Wn. App. 224, 600 P.2d 651 (1979). It reasoned that the court had exceeded its jurisdiction by granting plaintiffs' motion pursuant to CR 37(b) without prior entry of an order compelling discovery pursuant to CR 37(a). Implicit in that determination is a finding that plaintiffs' motion did not seek relief under CR 37(d). Plaintiffs' petition for review sought to have the order vacating the judgment on conditions reinstated.

We believe that the Court of Appeals construed the plaintiffs' motion too narrowly and that sanctions under CR 37(d) as well as CR 37(a) were within the scope and prayer of the motion. *See State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 872, 220 P.2d 1081 (1950).

■ Civil rule 37 is the enforcement section for the discovery process. Section (a) provides for an order to compel discovery; section (b) authorizes imposition of sanctions upon failure to obey an order and also lists several sanctions, and section (d) provides authority to impose section (b) sanctions, among others, for failure of a party to respond to requests for discovery. Thus, it can be seen the rule provides two alternative sources of authority for granting sanctions under CR 37(b)(2). They are: (1) failure of a party to comply with an order entered pursuant to CR 37(a); and (2) failure of a party to respond to a request for discovery under CR 33 or CR 34, or to appear after proper notice before a deposition officer. CR 37(d). *See Robison v. Transamerica Ins. Co.,* 368 F.2d 37 (10th Cir. 1966).

These methods are the only means by which a moving party may get sanctions under CR 37. Since plaintiffs' motion sought an order compelling defendants to produce records and documents under CR 37(a) only in the *alternative,* it is obvious that plaintiffs also sought sanctions

under CR 37(d), for that section provides the only other way to achieve application of CR 37(b)(2) sanctions. To read the motion otherwise would give the first sentence of the motion no meaning whatsoever. This is made clear by the supporting affidavit which is part of the motion and which provides the factual basis for granting relief under the provisions of either CR 37(a) or CR 37(d).

The purpose of a motion under the civil rules is to give the other party notice of the *relief sought*. CR 7(b)(1) requires that a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Plaintiffs' motion stated the relief sought (*i.e.*, an order striking pleadings of defendants and rendering a judgment by default against defendants pursuant to CR 37(b)). It likewise stated "with particularity the grounds therefor". The affidavit attached to the motion set forth the grounds in the following language:

> [P]laintiffs served upon defendants a Request for Production pursuant to CR 34 . . . setting October 13, 1977 as the date for production.
> B. Defendants have made no request for a protective order, nor have they in any way responded to the request for production on the basis that the request was in any way inappropriate.
> C. On October 13, 1977 defendants' attorney produced certain records for inspection and copying by plaintiffs, but defendants did not comply in full with the request for production of documents. Defendants' production of documents was deficient in the following respects . . .

It is not necessary for a moving party to analyze CR 37 in order to get relief under its provisions. It is enough to state the relief sought and the grounds justifying the relief. CR 7(b)(1). Where the facts fit the criteria of CR 37(d), a party is entitled to CR 37(b)(2)(C) relief. Plaintiffs' motion and supporting affidavit did just that, and the relief granted by the court did not exceed the scope of the motion. The trial court thus had jurisdiction to strike the pleadings and enter its default judgment. CR 37(d).

Since the court had jurisdiction of the matter, the judgment was not void, and the court was not obligated to vacate it without terms. Rather, the court was authorized to set aside the judgment "upon such terms as are just." CR 60(b); CR 60(b)(11). If there is sufficient justification, a trial court may impose sanctions pursuant to the above quoted language.

We are mindful of the rule that an error of law may not be corrected by a motion pursuant to CR 60(b), but must be brought up on appeal. *State ex rel. Green v. Superior Court,* 58 Wn.2d 162, 361 P.2d 643 (1961); *Bjurstrom v. Campbell,* 27 Wn. App. 449, 618 P.2d 533 (1980). In this case, however, the parties are not disputing over defendants' failure to appeal the vacation of the default judgment. *Defendants* originally moved to set aside the default judgment, and plaintiffs do not quarrel with the court's order of vacation, contending only that the trial court could impose conditions.[1]

If there was an error of law, then, plaintiffs have certainly waived any reliance of it. Defendants, of course, are in no position to rely on error of law as the basis for avoiding the conditions. Defendants did not appeal the vacation order, presumably because it granted the relief sought, which was vacation of the default judgment.

Since neither side urges that defendants' failure to appeal should result in reinstatement of the default judgment, the only remaining question is whether the trial judge abused his discretion in imposing terms. We have previously explained that

---

[1]Indeed, at the hearing on defendants' motion to vacate the default judgment, defendants' counsel stated:

I respectfully ask the court to vacate the judgment and set the earliest trial date, as we asked for in our motion. *And if the court feels that Mr. Seinfeld and Mr. Arnold are entitled to terms, let them go on that.*

(Italics ours.)

Defendants' counsel also stated:

I can see that if the court awards a thousand, two thousand in terms, that's a different story, but requiring a $250,000 supersedeas bond—

A motion to vacate a judgment is to be considered and decided by the trial court in the exercise of its discretion, and its decision should be overturned on appeal only if it plainly appears that it has abused that discretion. *Martin v. Pickering*, 85 Wn.2d 241, 533 P.2d 380 (1975). In that case we cited *White v. Holm,* 73 Wn.2d 348, 438 P.2d 581 (1968), where we said that a proceeding to set aside a default judgment is equitable in nature, and relief is in accord with equitable principles and terms. The court is to exercise its authority liberally to preserve substantial rights and do justice between the parties.

*Haller v. Wallis,* 89 Wn.2d 539, 543, 573 P.2d 1302 (1978).

On the record before him, the trial judge had sufficient justification to impose conditions on the order setting aside the default judgment. There was evidence in the affidavit supporting plaintiffs' motion for sanctions, which, if believed by the trial judge, showed that defendants had failed to respond to a request for production under CR 34. Defendants failed to request a protective order or to indicate in any way that the request for production was improper. When defendants finally responded to the request, their production of documents was deficient in several important respects. Further evidence in the record could support a finding that plaintiffs were prejudiced by other dilatory conduct of defendants. Indeed, there has been no showing of abuse of discretion, and we find none.

The decision of the Court of Appeals is reversed.

ROSELLINI, UTTER, DOLLIVER, and HICKS, JJ., concur.

STAFFORD, J. (dissenting)—One who attempts to obtain a default judgment based upon a technical violation of the civil rules should, in turn, be expected to follow those rules fully. Furthermore, this court should not only require compliance with its rules but should follow its own rules. If we find them unacceptable, we should face that fact and change them through the normal procedures. We should not, however, resort to creative ways to avoid them as the majority has done here.

In this case plaintiffs' motion for and granting of the default judgment were initiated "pursuant to CR 37(b)". The language of CR 37(b) is clear, however: the failure to obey a court order is a prerequisite to the imposition of sanctions. *See* 2 L. Orland, Wash. Prac., *Trial Practice* § 175, at 72 (3d ed. 1979). In the instant case no court order compelled discovery. Absent that condition precedent, the court had no power to impose sanctions.

The majority holds that sanctions could be imposed under CR 37(d)(3). The plaintiffs did not ask for relief under CR 37(d), however. They specifically asked for CR 37(b) relief. In CR 37, section (d) specifically includes the sanctions authorized under paragraphs (A), (B) and (C) of subsection (b)(2). Thus a motion pursuant to CR 37(d) would necessarily include CR 37(b) sanctions. The converse is not true, however. Nowhere in section (b) is there any reference, express or implied, to section (d). The greater relief (*i.e.*, CR 37(d)) can include the lesser, but the lesser relief (*i.e.*, CR 37(b)) does not include the greater.

Plaintiffs argue, and the majority holds, that by seeking the sanctions spelled out in CR 37(b) the motion necessarily included, even without expression, a basis for the court to reach CR 37(b) sanctions by reference to CR 37(d). They further argue that, since Washington is a notice pleading state, it was not necessary for them to specifically take defendants through the analysis of applying CR 37(d) to arrive at a CR 37(b) result.

This argument ignores two important factors, however. Civil rule 7(b)(1) requires that a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Plaintiffs' motion stated the relief sought (*i.e.*, sanctions under CR 37(b)) but did not "state with particularity the grounds therefor" if CR 37(d) was meant to apply. This defect in the motion could have been corrected at the hearing through an oral motion under CR 7(b)(1) if defendants had been present. This was not done, however, because a default judgment was taken. When a

defendant does not appear to contest a motion, close compliance with the rules of civil procedure is particularly necessary. *See State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 220 P.2d 1081 (1950).

In a default situation the court is given the power to do only that which is requested in the motion or complaint. As was stated in *State ex rel. First Nat'l Bank v. Hastings,* 120 Wash. 283, 306, 207 P. 23 (1922), quoted in *State ex rel. Adams v. Superior Court, supra* at 872:

"It is elementary law that a default judgment cannot award any relief beyond that which the facts alleged in the complaint in the action show the plaintiff legally entitled to. This also means, of course, that if a complaint wholly fails to state facts legally entitling the plaintiff to any recovery, or states facts affirmatively showing that the plaintiff has no right of recovery, as those complaints did, a default judgment rendered thereon is void, just as such a default judgment would be void in so far as it awarded relief beyond that which the allegations of the complaint showed the plaintiff legally entitled to."

A defendant has a due process right to rely on this rule. He is entitled to notice and an opportunity to be heard before a judgment is rendered in excess of the relief requested. *Watson v. Washington Preferred Life Ins. Co.,* 81 Wn.2d 403, 408, 502 P.2d 1016 (1972); *Diedrick v. School Dist. 81,* 87 Wn.2d 598, 555 P.2d 825 (1976). If a motion, on its face, does not justify the relief requested, the defendant has the right to not appear, secure in the knowledge that the relief cannot be granted, just as he has the right to allow a default to be taken against him secure in the knowledge that a judgment or decree will not exceed the demands of the complaint. *State ex rel. Adams v. Superior Court, supra; Columbia Valley Credit Exch., Inc. v. Lampson,* 12 Wn. App. 952, 533 P.2d 152 (1975).

In this case defendants should have had a right to assume the motion would be decided under CR 37(b), the section stated in the motion. Granting the motion pursuant to CR 37(d) was a violation of due process since there was

no notice that CR 37(d) would be in issue. The sanctions actually imposed could not have been imposed under CR 37(b) since it was obvious on the face of the motion there had been no prerequisite court order. Plaintiffs had moved for such an order to produce records "if, but only if" the CR 37(b) motion was not granted.[2]

Consequently, I would hold the sanctions imposed by the trial court were void.

Where a judgment has been entered by a court which has not first secured jurisdiction over the person or the subject matter, or which lacks the power to render the particular relief granted, such judgment is void and of no effect. *Wiles v. Department of Labor & Indus.*, 34 Wn.2d 714, 209 P.2d 462 (1949). The court has a duty to absolutely annul such a judgment. Thus, I would hold the trial court erred by imposing conditions for the vacation of the judgment.

BRACHTENBACH, C.J., concurs with STAFFORD, J.

---

[2]Furthermore, the striking of pleadings and the granting of a default judgment would not have been proper in this case even if properly presented. It is uncontested that there was not a complete failure to respond, and *only* upon a total failure to respond can sanctions (and especially default) be imposed. *Fox v. Studebaker–Worthington, Inc.,* 516 F.2d 989, 995 (8th Cir. 1975) ("Rule 37(d) sanctions only apply where there is a total non–compliance with discovery"); *see also* the comments of the drafters, 48 F.R.D. 487, 542 (1970), and of commentators such as 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2291 (1970). Also, there was not an explicit finding of wilfulness in failure to respond in this case. Although the rule does not explicitly require wilfulness, the (federal) drafter's comments make it clear wilfulness was eliminated because the 1972 revision provided a broader range of lesser sanctions and it was anticipated that if it was not a wilful failure to respond the court would impose a lesser sanction. 48 F.R.D. at 541–42. *See also Associated Mortgage Investors v. G.P. Kent Constr. Co.,* 15 Wn. App. 223, 548 P.2d 558 (1976) (requiring wilfulness).