[No. 24076-2-III.   Division Three.   November 6, 2007.]

ERIC BURT ET AL., *Respondents*, v. THE DEPARTMENT
OF CORRECTIONS, *Respondent*, ALLAN
PARMELEE, *Appellant*.

*Eric Burt, Clifford Pease, John Moore, Gary Edwards, Richard Morgan, David Snell, Paul-David Winters, Dustin West, Cheri Sterlin, Joann Irwin, Laura Coleman, Charles Crow, Sherry Hartford, Alan Walter,* and *Harold Snively,* pro se.

*Michael C. Kahrs* (of *Kahrs Law Firm, PS*), for appellant.

*Robert M. McKenna, Attorney General,* and *Peter W. Berney, Assistant,* for respondent Department of Corrections.

¶1 Brown, J. — This dispute arose in 2004 under former RCW 42.17.330 (1992) of the public disclosure act (PDA), now RCW 42.56.540 of the public records act (PRA). Laws of 2005, ch. 274, § 103. Washington State Penitentiary (WSP) inmate Allan Parmelee requested disclosure of personal information for a number of Department of Corrections (DOC) employees at WSP. The employees successfully enjoined disclosure under former RCW 42.17.330 in the Walla Walla Superior Court. On appeal, Mr. Parmelee contends civil rule violations invalidate the injunction and the trial court erred in denying his request to intervene or be joined as an indispensable party. Finding no reversible error, we affirm.

## FACTS

¶2 On October 6, 2004, WSP intensive management unit inmate Parmelee was charged with violating WSP disci-

plinary rules for threatening and intimidating a staff member. The next day, Mr. Parmelee sent a letter to Megan Murray, DOC's public disclosure coordinator, requesting personal information on a number of WSP workers.

¶3 On December 5, 2004, Mr. Parmelee was again charged with intimidating staff members based on a letter to a friend requesting home addresses "on a couple pigs here" and commenting, "we need to find a couple big ugly dudes to come to Walla Walla for some late night service on these punks." Clerk's Papers (CP) at 101.

¶4 On December 22, 2004, Ms. Murray informed Mr. Parmelee that the affected employees would be requesting injunctive relief and that DOC would not release the requested documents "until a hearing date is scheduled and a decision is made by [the] Walla Walla Superior Court." CP at 500.

¶5 On January 26, 2005, 11 pro se employees sued DOC in the Walla Walla Superior Court, asking for a protective order. The complaint contained 11 signatures without any addresses. That day, Alan Walter, as the plaintiffs' representative, moved for a protective order in a pleading without an address. Four more plaintiffs were added by an amended complaint, again without providing any address for the plaintiffs.

¶6 On February 1, 2005, Ms. Murray informed Mr. Parmelee of the superior court hearing date on the protective order and that she would let him know soon after whether DOC would be releasing the requested information. On March 16, the court granted the motion to enjoin release of the requested information. Pro se, Mr. Parmelee requested intervention, joinder as an indispensable party, and reconsideration without providing legal argument regarding whether he was an indispensable party in his opening pleadings. Mr. Parmelee briefly discussed joinder in his response to DOC's briefing.

¶7 The trial court decided Mr. Parmelee's motion to intervene was untimely and reasoned all other motions and requests were moot. Mr. Parmelee appealed.

## ANALYSIS

### A. Sufficiency of Pleadings

¶8 The issue is whether under our civil rules of procedure the pleadings were reversibly deficient. Mr. Parmelee contends the employees' failure to provide addresses in their pleadings, to sign the amended complaint, and to all sign the motion for protective order constitutes reversible error. We disagree.

¶9 DOC contends this issue cannot be raised for the first time on appeal. But our commissioner ruled Mr. Parmelee has a right to appeal. We find no error in this ruling because Mr. Parmelee was interested in the trial court's decision and unsuccessfully sought participation and reconsideration.

¶10 Under the PDA and PRA, if an agency intends to disclose records to a requester, an interested third party may object and seek judicial intervention to prevent disclosure. RCW 42.56.540 (formerly RCW 42.17.330); *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 34-35, 769 P.2d 283 (1989). Here, the employees sought judicial intervention pro se without providing addresses on the pleadings.

¶11 Under CR 11(a), "[a] party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address." The civil rules govern all civil proceedings, "[e]xcept where inconsistent with rules or statutes applicable to special proceedings." CR 81(a). RCW 42.56.540 provides a means to preclude disclosure. Providing addresses on the pleadings, the very information Mr. Parmelee wanted disclosed, would be inconsistent with RCW 42.56.540. Accordingly, the plaintiffs' addresses were not required on the pleadings. Moreover, considering Mr. Parmelee is acquainted with the plaintiffs as DOC employees and actually resided at their employment address, he possessed adequate contact information.

¶12 Mr. Parmelee argues all 11 plaintiffs were required to sign the motion for protective order and all 15 plaintiffs were required to sign the amended complaint. As noted, CR 11 requires an unrepresented party to sign the party's pleading. Here, all 11 plaintiffs signed the complaint and one plaintiff signed the motion the day it was filed. Four more plaintiffs later signed an identical complaint. DOC did not object. The court, understanding the dispute and the parties, properly asserted personal and subject matter jurisdiction. Thus, the pleadings are sufficient. The trial court avoided any CR 11 technical deficiency by combining the signatures on the original pro se complaint with the signatures on the amended pro se complaint with DOC acquiescence, a procedure favoring substance over form.

## B. Intervention and Joinder as Indispensable Party

¶13 The issue is whether the trial court erred in denying Mr. Parmelee's intervention and indispensable party motions.

¶14 We review de novo rulings on intervention as a matter of right. *Westerman v. Cary*, 125 Wn.2d 277, 302, 892 P.2d 1067 (1994). Timeliness rulings, however, are reviewed for an abuse of discretion. *Kreidler v. Eikenberry*, 111 Wn.2d 828, 832, 766 P.2d 438 (1989). Discretion is abused if it is exercised without tenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

¶15 Mr. Parmelee asked to intervene as a matter of right under CR 24(a). *"Upon timely application* anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction."* CR 24(a) (emphasis added). "A critical requirement is that the motion be timely. A strong showing must be made to intervene after judgment." *Martin v. Pickering*, 85 Wn.2d 241, 243-44, 533 P.2d 380 (1975)

(emphasis omitted) (citing *United States v. Wilhelm Reich Found.*, 17 F.R.D. 96 (D. Me. 1954), *aff'd sub nom. Baker v. United States*, 221 F.2d 957 (1st Cir. 1995)). The timing of the motion is not dispositive. The court must examine the surrounding circumstances, such as opportunity to identify the threatened interest, reason for delay, and any adverse impact of delayed intervention. *Kreidler*, 111 Wn.2d at 832-33.

¶16 Mr. Parmelee waited until April 2005 to file his intervention motion. Mr. Parmelee delayed filing his motion even though he was informed in December 2004 that staff members would be requesting injunctive relief and that DOC would not release the requested documents "until a hearing date is scheduled and a decision is made by [the] Walla Walla Superior Court." CP at 500. He continued to delay his motion to intervene after being notified in February 2005 of the superior court's hearing date. Mr. Parmelee fails to articulate a sufficient basis for his delay. A potential party cannot wait until the court issues a protective order under RCW 42.56.540 and then request intervention. Based on the timing of Mr. Parmelee's motion and the surrounding circumstances, the trial court had a tenable basis to conclude Mr. Parmelee's motion was untimely.

¶17 Relying on RAP 2.5(a), DOC contends that the indispensable party issue is impermissibly raised for the first time on appeal. While Mr. Parmelee did not extensively argue this issue below, he mentioned joinder in the caption of his motion and cited CR 19 in his reply memorandum. This is sufficient to satisfy RAP 2.5(a).

¶18 Under CR 19(a), a trial court undertakes a two-part analysis to determine whether a party is indispensable. First, the court must determine whether a party is needed for just adjudication and, second, whether in equity and good conscience the action should proceed among the parties before it. *Matheson v. Gregoire*, 139 Wn. App. 624, 634, 161 P.3d 486 (2007).

¶19 In an RCW 42.56.540 proceeding to prevent public document disclosure, the party seeking to prevent

disclosure has the burden to prove that the public record should not be disclosed. *Spokane Police Guild*, 112 Wn.2d at 35. Public documents are presumed viewable by the public. RCW 42.56.070(1). Joining Mr. Parmelee as a party would not affect the employees' burden to overcome this presumption. And, Mr. Parmelee's disclosure request and his interest as a member of the public were easily apparent to the trial court. Given all, Mr. Parmelee was not needed for a just adjudication, nor was he needed in equity and good conscience to proceed.

¶20 In sum, the trial court did not err. Mr. Parmelee requests attorney fees and costs under RCW 42.56.550(4). Since Mr. Parmelee has not prevailed, his request is denied.

¶21 Affirmed.

SCHULTHEIS, A.C.J., and KULIK, J., concur.

Review granted at 164 Wn.2d 1001 (2008).