FILED
COURT OF APPEALS
DIVISION II

2014 JUL 22 AM 10: 23

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

JACK DON KENNEDY and SANDRA KENNEDY, husband and wife,

Appellants,

v.

SABERHAGEN HOLDINGS, INC,

Respondent.

No. 43941-7-II
consolidated with
No. 45381-9-II

UNPUBLISHED OPINION

MELNICK, J. — Jack Kennedy appeals the trial court's grant of summary judgment for Saberhagen Holdings, Inc. and its denial of his CR 60(b)(3) motion. The trial court granted summary judgment in favor of Saberhagen because it concluded Kennedy failed to present sufficient evidence to create a reasonable inference that he was exposed to asbestos supplied by Tacoma Asbestos, Saberhagen's predecessor.[1] Kennedy argues that there is sufficient evidence to create a genuine issue of material fact regarding his exposure to Saberhagen's products. We agree. Because Kennedy presented sufficient evidence to avoid summary judgment, we do not consider Kennedy's appeal of his CR 60(b)(3) motion. We reverse and remand for further proceedings.

## FACTS

### I. BACKGROUND

In November 2011, a doctor diagnosed Kennedy with mesothelioma. Mesothelioma is a cancer in the lining of the lung usually caused by asbestos exposure. *Berry v. Crown Cork & Seal Co.*, 103 Wn. App. 312, 314, 14 P.3d 789 (2000). Kennedy filed a lawsuit against Saberhagen, alleging that asbestos supplied by Saberhagen proximately caused his

---

[1] To avoid confusion, we refer to Tacoma Asbestos as Saberhagen.

mesothelioma. He alleged the exposure occurred on the Tacoma waterfront at pier 23 between 1964 and 1968 during his employment with the Washington Army National Guard.

While on Pier 23, Kennedy personally handled asbestos and he worked around others who installed and maintained insulation containing asbestos. Kennedy's exposure to asbestos occurred on a floating machine shop (FMS), the FMS-789. Kennedy and Richard Elmore, Kennedy's co-worker, testified in their depositions that the Army activated the FMS-789 in 1966 and awarded a contract to Tacoma Boat Building to prepare the FMS-789 for active duty. This preparation included asbestos insulation repair and installation. Kennedy and other guardsmen were on and off the FMS-789 during its repair to retrieve equipment and materials they needed from the vessel.

Kennedy's exposure also occurred while working on the FMS-6. In their depositions, Kennedy and Elmore testified that Kennedy replaced the insulation on the FMS-6's boiler with asbestos Kennedy procured from Tacoma Boat. The supplies for replacing the insulation typically came from the vessel under repair or the National Guard's main supply shop; however, Kennedy ran out of insulation during the boiler repair and his supervisor instructed him to get more from Tacoma Boat. Kennedy personally picked up the asbestos insulation from Tacoma Boat. Kennedy poured the powdered asbestos cement from the bags he retrieved from Tacoma Boat into buckets and added water to make insulating asbestos cement. He then applied the asbestos to the boiler with his bare hands.

Kennedy and Elmore also testified that Kennedy worked with asbestos while repairing insulation on a small tug boat, the ST-2104. Kennedy obtained the asbestos for the repair work from Tacoma Boat. Kennedy recalled obtaining a third bag of asbestos from Tacoma Boat, but did not remember what use he made of that asbestos material.

2

Kennedy provided evidence that Saberhagen, an insulation supplier and contractor in Tacoma during the 1960's, supplied asbestos to Tacoma Boat. Former Tacoma Boat employee, Dennis Legas, testified in his deposition that Saberhagen was the only insulation contractor he recalled working for Tacoma Boat in the 1960s. Legas saw Saberhagen trucks in the Tacoma Boat yard and testified that his brother-in-law delivered material from Saberhagen to Tacoma Boat. Another former Tacoma Boat employee, David Hansen, also testified in his deposition that Saberhagen was the only insulation contractor he recalled working for Tacoma Boat in the 1960s and that Saberhagen was present at Tacoma Boat "[d]efinitely frequently." Clerk's Papers (CP) at 668. Hansen also testified that he saw Ted Boscovich, who worked for Saberhagen, doing insulation work at Tacoma Boat. During its CR 30(b)(6) deposition, Saberhagen's representative testified that it had no evidence to either prove or disprove that Saberhagen supplied insulation to Tacoma Boat.

II. PROCEDURAL HISTORY

Kennedy filed a complaint for negligence and products liability, among other claims, against Saberhagen on January 11, 2012. Saberhagen moved for summary judgment, arguing that Kennedy failed "to identify sufficient admissible evidence showing that [Kennedy] was ever actually exposed to or harmed by asbestos-containing products supplied by Saberhagen or its alleged predecessors." CP at 17. Saberhagen identified and argued only one issue to the trial court: "Where plaintiffs will be unable to introduce evidence at trial that Mr. Kennedy was ever exposed to asbestos-containing products supplied by Saberhagen or its alleged predecessors, should plaintiffs' claims against Saberhagen be dismissed?" CP at 22.

Saberhagen moved to strike several exhibits attached to Kennedy's response to summary judgment. The trial court denied Saberhagen's motion to strike, and in granting Saberhagen's

3

motion for summary judgment it considered the Kennedy, Elmore, Legas, and Hansen depositions taken for this specific litigation, in addition to the depositions Kennedy submitted that were taken in prior asbestos cases and a 1971 Saberhagen letter. Kennedy moved for reconsideration of the trial court's grant of summary judgment for Saberhagen, which the trial court denied. Kennedy timely appealed.

On July 25, 2013, Kennedy filed a CR 60(b)(3) motion for relief from the order granting Saberhagen summary judgment. With his motion, Kennedy submitted new evidence of his alleged exposure to asbestos from Saberhagen. The trial court considered the new evidence and denied Kennedy's CR 60(b)(3) motion, concluding that the "alleged 'newly discovered evidence' is not of sufficient consequence as to vacate the Court's prior order granting summary judgment." CP at 1597. Kennedy timely appealed and we consolidated that appeal with Kennedy's first appeal of the trial court's grant of summary judgment in favor of Saberhagen.

## ANALYSIS

Kennedy argues the trial court improperly granted summary judgment because sufficient circumstantial evidence exists to create a genuine issue of material fact as to whether Kennedy was exposed to asbestos supplied by Saberhagen. We hold sufficient circumstantial evidence exists based on the Kennedy, Elmore, Legas, and Hansen depositions from which a reasonable fact finder could infer that Kennedy's worksite used Saberhagen's product between 1964 and 1968 and that Kennedy suffered exposure to Saberhagen's product. Because Saberhagen moved for summary judgment only on the exposure issue, we do not consider its additional argument that Kennedy failed to offer any evidence that he suffered harm from being exposed to asbestos

4

that Saberhagen supplied. Accordingly, we reverse the trial court's grant of summary judgment and remand for further proceedings.[2]

I.     SUMMARY JUDGMENT IMPROPERLY GRANTED

We review an order for summary judgment de novo, engaging in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and their reasonable inferences in the light most favorable to the nonmoving party. *Jones*, 146 Wn.2d at 300. Summary judgment is proper only if reasonable persons could reach but one conclusion from the evidence presented. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007).

Generally, asbestos plaintiffs in Washington may establish exposure to a defendant's product through circumstantial evidence. *Lockwood v. A C & S, Inc.*, 109 Wn.2d 235, 246-47, 744 P.2d 605 (1987). Due to the long latency of asbestos related diseases, a plaintiff's ability to recall specific manufacturers of asbestos he was exposed to may be seriously impaired. *Lockwood*, 109 Wn.2d at 246. "Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace." *Lockwood*, 109 Wn.2d at 246-47. But the circumstantial evidence must be sufficient to allow a

---

[2] Because we determine summary judgment was improper, we do not consider whether the trial court erred by denying Kennedy's CR 60(b)(3) motion.

reasonable fact finder to deduce that the plaintiff contacted the defendant's product. *Lockwood*, 109 Wn.2d at 247-48.

In *Lockwood*, our Supreme Court found sufficient evidence of exposure where (1) shipyard workers testified that the defendant's product was used on a large liner conversion and the plaintiff testified that he worked on a similar ship overhaul in the same area in the same time period, and (2) an expert testified that "after asbestos dust was released, it drifted in the air and could be inhaled by bystanders who did not work directly with asbestos." *Lockwood*, 109 Wn.2d at 247.

In *Berry*, the court found sufficient evidence of exposure where (1) a purchaser for the plaintiff's workplace testified that some of the insulation products used at the workplace were supplied by the defendant, and (2) an employee of the plaintiff's workplace saw Plant and Carey products almost every day at the workplace and another employee testified that the defendant was a distributor of Plant and Carey products. 103 Wn. App. at 324. The court in *Berry* held that the evidence of exposure was not too speculative and did raise an inference that the defendant's products were used at the plaintiff's workplace during the relevant time period. 103 Wn. App. 324-25.

In *Allen v. Asbestos Corp. Ltd.*, the court found sufficient evidence of exposure where (1) evidence existed of three sale orders of asbestos cloth from the defendant over a period of three years, and (2) an expert testified that if the plaintiff's workplace used asbestos cloths, the plaintiff would have been exposed because the asbestos dust would have drifted throughout the workplace. 138 Wn. App. 564, 572-73, 157 P.3d 406 (2007). The court in *Allen* determined that it would be reasonable to infer that because the sales records establish that the plaintiff's

workplace ordered large quantities of asbestos over multiple years, it would be reasonable to infer that the plaintiff's workplace used the asbestos it ordered. 138 Wn. App. at 573.

When viewing the evidence in the light most favorable to Kennedy, we determine it would be reasonable for a fact finder to find that Kennedy came in contact with Saberhagen's product. Kennedy and Elmore provided evidence that Tacoma Boat overhauled the FMS-789 in 1966, which included asbestos insulation repair and installation, and that Kennedy was occasionally on board the FMS-789 while Tacoma Boat did the repair. Kennedy and Elmore also stated that Kennedy worked directly with asbestos insulation he retrieved from Tacoma Boat on the FMS-6's boiler and the tug boat, ST-2104. Additionally the plaintiff presented evidence that Saberhagen performed insulation work for Tacoma Boat using insulation containing asbestos. Two former Tacoma Boat employees testified that they remember Saberhagen as the only insulation contractor working with Tacoma Boat in the 1960s and one testified that he saw his brother-in-law, who worked for Saberhagen, deliver products to Tacoma Boat. Further, Saberhagen could not offer any evidence to either refute or confirm the claims of the witnesses.

Saberhagen argues the evidence leads to impermissible speculation that Kennedy's exposure came from its insulation materials. We reject Saberhagen's argument. Testimony from two former Tacoma Boat employees shows that Saberhagen worked extensively with Tacoma Boat in the 1960s. Kennedy, similarly situated to the plaintiffs in *Lockwood*, *Berry*, and *Allen*, was a bystander while the FMS-789 had asbestos insulation work performed on it. And Kennedy possibly had more exposure than the plaintiffs in *Lockwood*, *Berry*, and *Allen*, because there is evidence that Kennedy worked directly with asbestos.

Kennedy's summary judgment evidence is sufficient to raise an inference that Saberhagen's products were used by Tacoma Boat and at their worksites during the 1960s when

7

Kennedy worked for the Washington Army National Guard. Further, the evidence is sufficient to raise an inference that Kennedy had exposure to those products. Accordingly, the trial court erred by granting summary judgment in favor of Saberhagen on the exposure issue because a genuine issue of material fact exists as to whether Kennedy was exposed to Saberhagen's products.[3] We reverse the order granting summary judgment and remand for further proceedings.

## II.    SABERHAGEN DID NOT RAISE THE ISSUE OF CAUSATION ON SUMMARY JUDGMENT

Saberhagen argues that Kennedy raised no issue of material fact regarding whether exposure to Saberhagen's product caused him injury. Kennedy argues that Saberhagen did not sufficiently raise this issue in the trial court. We agree with Kennedy.

Every motion made to the trial court "must specify the grounds and relief sought 'with particularity', and courts may not consider grounds not stated in the motion." *Orsi v. Aetna Ins. Co.*, 41 Wn. App. 233, 247, 703 P.2d 1053 (1985) (citations omitted). Specifically, "CR 7(b)(1) requires that a motion 'shall state with particularity the grounds therefor, and shall set forth the relief or order sought.'" *Pamelin Indus., Inc. v. Sheen-U.S.A., Inc.*, 95 Wn.2d 398, 402, 622 P.2d 1270 (1981). "The purpose of a motion under the civil rules is to give the other party notice of the *relief sought*." *Pamelin*, 95 Wn.2d at 402.

---

[3] Because we hold the Kennedy, Elmore, Legas, and Hansen depositions Kennedy took for this case are sufficient to overturn summary judgment, we do not consider the admissibility of the evidence Saberhagen challenged in its motion to strike at the trial court.

Saberhagen identified one issue on summary judgment: "Where plaintiffs will be unable to introduce evidence at trial that Mr. Kennedy was ever exposed to asbestos-containing products supplied by Saberhagen or its alleged predecessors, should plaintiffs' claims against Saberhagen be dismissed?" CP at 22. And while Saberhagen did make cursory mention in its summary judgment motion that Kennedy failed to identify sufficient admissible evidence to show his harm was caused by asbestos containing products supplied by Saberhagen, it did not particularly identify this issue in its motion. Saberhagen's motion was clearly focused on exposure, arguing that Kennedy could not prove he was exposed to Saberhagen's product. Saberhagen merely mentioned the words "harmed by" or "causing his illness" without providing argument on the causation issue. Our reading of Saberhagen's motion is supported by the fact the trial court ruled only on the exposure issue: "The primary issue in this case is the issue of alleged exposure that Mr. Kennedy experienced while working at the National Guard Marine Facility" and concluding Kennedy failed to present sufficient evidence of exposure. CP at 950.

Here, the mere mention of the words "harmed by" or "causing his injury" was insufficient to raise the issue of causation with particularity. Saberhagen provided insufficient notice to the other party that causation was one of the grounds for the relief sought.[4] Accordingly, we reviewed summary judgment only for sufficiency of evidence as to Kennedy's exposure to asbestos products from Saberhagen and its predecessors.

---

[4] Our holding here does not prohibit Saberhagen from moving the trial court for summary judgment on issues not relating to exposure.

9

We reverse and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Johanson, C.J.