[No. 14203.   Department One.   April 27, 1918.]

# W. D. HENDRIX, *Appellant*, v. CORA M. HENDRIX, *Respondent*.[1]

DIVORCE—VACATION OF JUDGMENT—GROUNDS—EXCUSABLE NEGLECT. A judgment for divorce cannot be vacated on the ground of excusable neglect where the evidence establishes that defendant left the state shortly before the hearing, intending not to return, and to place property in a sister state beyond the reach of the court.

SAME—VACATION OF JUDGMENT—CONDITIONS—DISCRETION. It is discretionary, on application for the vacation of a judgment of divorce upon the grounds of excusable neglect, to impose the condition of defendant's subjecting his property to the jurisdiction of the court and such condition is reasonable where it appears that defendant left the state without complying with orders for suit money and temporary alimony, intending' not to return, and to place property in a sister state beyond reach of the court.

APPEAL—RECORD—AFFIDAVITS — STATEMENT OF FACTS. Affidavits used upon application for suit money and alimony cannot be considered on appeal, unless brought up by bill of exceptions or statement of facts.

DIVORCE—DIVISION OF PROPERTY—AWARD—FINDINGS—SUFFICIENCY. In an action for divorce, an award of $5,250 from property of the defendant is not objectionable because there were no findings as to the resources of the plaintiff wife, or because the award was not warranted by the findings as to defendant's resources, where the findings showed the nonsupport of plaintiff and four minor children, and that defendant was an able-bodied man capable of earning $135 per month as a railroad man, and was possessed of $7,000 to $10,000 worth of real and personal property; as the findings are entitled to a favorable construction in view of reasonable and legitimate inferences.

[1]Reported in 172 Pac. 819.

Appeal from a judgment and order of the superior court for Spokane county, Huneke, J., entered November 2, 1916, and January 30, 1917, granting a divorce upon findings in favor of the defendant, and denying an application to vacate the judgment entered thereon, after a hearing before the court. Affirmed.

*Tolman, King & Way,* for appellant.

*F. E. Langford,* for respondent.

MAIN, J.—The parties to this action were formerly husband and wife. The plaintiff brought an action against his wife for a divorce. The wife denied the facts in the complaint upon which the divorce was sought and, by cross-complaint, sought a divorce against the plaintiff. A decree was entered in favor of the wife upon the cross-complaint, which provided that she should be paid $5,000 permanent alimony, $200 attorney's fee, and $50 suit money. Sometime after this judgment was entered, the plaintiff made an application for the vacation thereof on the ground of excusable neglect. This application was heard upon affidavits and was denied by the superior court. The plaintiff in the divorce action and petitioner in the application to vacate the judgment appeals both from the judgment in the principal action and from the order denying the application to vacate.

The facts may be stated as follows: During the month of February, 1915, the divorce action was begun. Soon thereafter the respondent applied to the court for alimony *pendente lite,* attorney's fees and suit money. After this application was made, the appellant departed from the state and was absent therefrom a number of months. The action was begun in Douglas county. On August 2, 1916, the respondent served her answer and cross-complaint, together with a mo-

tion for change of venue to Spokane county. After a hearing upon this motion, the cause was transferred to Spokane county. The motion for temporary alimony, suit money and attorney's fees was then heard, and resulted in an order directing that the appellant pay $50 on account of attorney's fees, $25 for suit money, and $40 per month temporary alimony. At that time the appellant was working for the Great Northern Railway Company and was earning approximately $135 a month. After this order was entered, the respondent's attorney was advised by the appellant's attorney that the appellant could not make any compliance with the order until his next pay day, which would occur about the 20th of October, following. A few days before this latter date, the appellant departed from the state of Washington and went to the state of California. By written stipulation between the attorneys for the respective parties, the cause was tried on the 2d day of November, 1916, and resulted in a judgment as above indicated. Neither the appellant nor his attorney was present at this trial and the prosecuting attorney appeared in the action. Soon after this judgment was entered, an action was brought thereon in the state of California and the interest of the appellant in his deceased father's estate was attached. After this occurred, the appellant employed attorneys other than the attorney who appeared for him in the divorce action and made the application, as above stated, on the ground of excusable neglect. This application was heard upon affidavits.

The appellant claims, and his affidavit tends to support him, that he departed from the state of Washington with the intention to return thereto and contest the divorce action, and that his attorney failed to notify him of the time when the same was set for trial. The respondent claims, and the affidavits filed in her behalf

show, that the appellant left the state of Washington with the intention of abandoning the action, and that he was going away "for good." There are four affidavits to this effect, any one of the affiants apparently being of equal credibility with the appellant, and one of them being entirely disinterested. The conclusion is irresistible that, when the appellant departed from the state of Washington, he did not intend to return, and that he intended to abandon the action. From the record it is a reasonable inference that he thought he could go to California, receive his interest in his father's estate—which was then ready for distribution—and defeat the collection of any judgment that might be rendered against him in the divorce action. The trial court properly held that the judgment should not be disturbed on the ground of excusable neglect.

At the close of the hearing in the trial court upon the application to vacate, the cause was continued until the 30th day of January, 1917, for the purpose of giving the appellant an opportunity to subject all his property to the jurisdiction of the court and to comply with the order of the court theretofore made; and if this was done, the motion to vacate was to be granted. The appellant declined to comply with the conditions imposed, and the order was entered denying the application to vacate. The opening or vacating of a judgment on the ground of excusable neglect is an act which is discretionary with the trial court, and that court has power to impose such terms as may be just and reasonable as a condition to the granting of the relief, and its judgment will not be interfered with unless there is a gross and manifest abuse of discretion. *Redding v. Puget Sound Iron & Steel Works*, 44 Wash. 200, 87 Pac. 119; *Pringle v. Pringle*, 55 Wash. 93, 104 Pac. 135.

The terms imposed were entirely reasonable and just. There appears to be no good reason why the ap-

pellant should not subject all of his property to the jurisdiction of the court and comply with the orders of the court previously made. As already indicated, he had not in any respect complied with the order for suit money, alimony *pendente lite* and attorney's fees, and had shown no disposition to comply therewith. Had the trial judge granted the application to vacate without the imposition of the terms mentioned, it is probable, though we do not here decide the question, that his action would have been an abuse of discretion.

We will not consider the appeal from the judgment in the principal action. On this branch of the case, the cause is here to be reviewed upon the findings of fact, conclusions of law and the judgment. There are embodied in the supplemental transcript certain affidavits which were used in the trial court upon the application for temporary alimony, etc. These the appellant moves to strike. This motion must be sustained. By many decisions, which need not here be assembled, it has become the settled doctrine of this court that affidavits used upon a hearing before the trial court cannot be here considered unless by the certificate of the trial judge they are made a part of the record by being included in the statement of facts or a bill of exceptions. It is not sufficient that they may be found in the clerk's transcript.

Upon this appeal it is claimed that the findings are insufficient to sustain the judgment in two respects: (a) That there was no finding as to the resources or necessities of the respondent; and (b) that the award of $5,250 was not warranted by the court's finding as to the appellant's resources. The findings recite that the appellant and the respondent intermarried in the state of Iowa on March 19, 1890, and lived together as husband and wife until the year 1905, when at Avalon, in the state of Missouri, the appellant abandoned the

respondent and their then four minor children, the result of the marriage; that the appellant failed to support the respondent and the minor children during the ensuing three years, at the end of which time a divorce was granted to the respondent in the state of Missouri; that subsequently, on November 5, 1912, the parties remarried, and with the then minor child, Olive Hendrix, took up a residence at Hillyard, in Spokane county; Washington, where the respondent has since resided; that, from the 5th day of November, 1912, until on or about the 5th day of November, 1913, the appellant neglected the respondent and the minor child and failed to support them; that he indulged in the habits of gambling and drinking, whereby he dissipated most of his earnings; that he remained away from his home at nights without any reasonable excuse; that he neglected to pay the household bills and expenses, and neglected to furnish the respondent and the minor child with suitable raiment and the necessaries of life; that, on November 5, 1913, he left his home in Hillyard and abandoned the respondent and the minor child and has ever since lived separate and apart from them; that the appellant is an able-bodied man and capable of earning about $135 per month at his business as a railroad man; that he is possessed of real and personal property of the value of from $7,000 to $10,000, acquired by inheritance; that he has neglected and refused to comply with the order of the court directing him to pay to the respondent $40 monthly alimony *pendente lite,* suit money and attorney's fees; and that the sum of $200 was a reasonable attorney's fee to be allowed to the respondent, and the sum of $50 is a reasonable amount to be allowed her as suit money.

One of the conclusions of law was that the respondent have and recover from the appellant the sum of $5,000 for the support and maintenance of herself and minor

child, and the further sum of $250 for suit money and attorney's fees. The decree entered accords with the findings and conclusions.

Along with the findings must be considered their reasonable and legitimate inferences. Where the findings are susceptible of two constructions, one of which will sustain the judgment and the other defeat it, they will be given that construction which sustains the judgment. *Cantwell v. Nunn,* 45 Wash. 536, 88 Pac. 1023; *Dobrentai v. Piehl,* 92 Wash. 433, 159 Pac. 371; *Burleigh v. Consumers Publishing Co.,* 95 Wash. 49, 163 Pac. 5.

We think the findings in this case sufficient to sustain the judgment.

Affirmed.

ELLIS, C. J., PARKER, WEBSTER, and FULLERTON, JJ., concur.