[No. 9238–3–I.   Division One.   August 4, 1982.]

BRADLEY S. KNAPP, *Appellant,* v. S. L. SAVIDGE, INC., ET AL, *Respondents.*

*James A. Henry,* for appellant.

*Foster, Pepper & Riviera,* by *David Utevsky* and *Williams, Lanza, Kastner & Gibbs,* by *Mark Davidson,* for respondents.

DURHAM, A.C.J.—The plaintiff, Bradley Knapp, appeals the superior court's order vacating dismissal of his lawsuit upon condition of payment of $2,000 terms. The facts leading up to the lawsuit are irrelevant to this appeal and need be stated only briefly.

Knapp purchased a new 1978 Chrysler Cordoba from defendant S. L. Savidge, Inc. The sale was financed by an auto loan from defendant Washington Mutual Savings Bank. After repossession of the car by the Bank, Knapp filed suit against defendants in King County Superior Court. Trial was set for July 24, 1980.

Prior to trial, terms had been imposed on two occasions for Knapp's failure to comply with certain pretrial orders. The second order required Knapp to pay $130 to each defendant prior to trial. Knapp had not paid these terms by July 24, 1980.

On July 24, 1980, defendants' attorneys appeared in the presiding department of King County Superior Court at 9:10 a.m. for the assignment to a courtroom. The case was called and defendants responded, but neither Knapp nor his attorney, James Henry, was present in court. When the

judge finished the calendar, he asked if any counsel had entered the courtroom after his case had been called, but the plaintiff still had not appeared. The judge then retired to chambers and the attorney for Savidge (Attorney A) prepared a handwritten order of dismissal. The Bank's attorney (Attorney B) left the courtroom and telephoned Henry's office. Henry's secretary informed him that Henry was in trial all day. Attorney B claims that the call was placed at 9:30. Henry says that his secretary took the call at 9:15.

The presiding judge signed the order of dismissal at 9:35, prior to Attorney B's return, and it was filed at 9:37. Attorney A encountered Henry in the court hallway and told him the case was dismissed. According to Henry, that encounter took place at 9:30, after he had visited the courtroom of the presiding judge, which he found empty. Attorney A claims that the meeting took place at 9:45.

Knapp moved for vacation of the dismissal under CR 60(b). The court granted this motion on August 21, 1980, conditioned upon Knapp's payment of $1,000 to each defendant as terms. Knapp now challenges the imposition of terms as a condition for vacation of the dismissal.[1]

■ Knapp's motion to vacate was based on CR 60(b). That rule allows the court to set aside a final judgment "upon such terms as are just". CR 60(b). The decision to impose terms as a condition on an order setting aside a judgment lies within the discretion of the court. *Pamelin Indus., Inc. v. Sheen–U.S.A., Inc.,* 95 Wn.2d 398, 622 P.2d 1270 (1981); *Hendrix v. Hendrix,* 101 Wash. 535, 172 P. 819 (1918).

In *Pamelin,* the plaintiffs obtained a default judgment against defendants after defendants failed to comply with discovery rules. Defendants' motion to vacate was granted on the condition that defendants post bond and pay plain-

---

[1]Knapp assigns error to the dismissal of his complaint. Because the Superior Court vacated the order of dismissal, that issue is moot. We will address it only insofar as it pertains to the court's imposition of terms.

tiffs' attorney's fees. On appeal, the Supreme Court noted that granting or denying a motion to vacate was discretionary. The court continued:

> On the record before him, the trial judge had sufficient justification to impose conditions on the order setting aside the default judgment. There was evidence in the affidavit supporting plaintiffs' motion for sanctions, which, if believed by the trial judge, showed that defendants had failed to respond to a request for production under CR 34. Defendants failed to request a protective order or to indicate in any way that the request for production was improper. When defendants finally responded to the request, their production of documents was deficient in several important respects. Further evidence in the record could support a finding that plaintiffs were prejudiced by other dilatory conduct of defendants.

*Pamelin,* at 404. Thus, payment of terms as a condition for vacation of a dismissal must relate to the reasons for the dismissal itself.

However, the facts before the trial court here do not provide sufficient justification for the imposition of terms. Admittedly, neither Knapp nor his attorney appeared in the presiding judge's department when the case was called. However, we do not believe that a delay of, at most, 35 minutes warranted a dismissal under these circumstances.[2] Both defendants' attorneys knew, from conversations with Henry the previous day, that Henry was prepared for trial and intended to be in court with witnesses on July 24. The record does not indicate if this information was ever conveyed to the presiding judge. In addition, the order of dismissal was presented to the judge before the attempt to telephone Henry was completed. At best, counsel acted in a manner inconsistent with basic professional courtesy. A careful reading of the affidavits submitted with the motion to vacate confirms this view.

Defendants also contend that Knapp's failure to pay the

---

[2] By no means do we condone Henry's tardiness, which, if more egregious, might indeed warrant the sanction imposed. We are also aware of the difficulties in maintaining an orderly court assignment process when counsel are not prompt.

previously imposed terms before trial illustrates that Knapp did not intend to prosecute the case. Defendants' position would be correct if appearance in the superior court's presiding department were considered the beginning of the trial. However, the parties appear at the presiding department only to be assigned a trial judge and a courtroom. Trial begins before the judge who hears the case, rather than before the presiding judge. Therefore, the order of dismissal, if based on Knapp's failure to pay the previously imposed terms, was premature.

We conclude that the justification for the dismissal of Knapp's case, and the subsequent imposition of terms on vacation of the dismissal, was inadequate and constituted an abuse of discretion. That part of the order which conditions the vacation of dismissal on the payment of terms is vacated, and the case is remanded for trial.

WILLIAMS and CALLOW, JJ., concur.

Reconsideration denied September 14, 1982.

Review denied by Supreme Court November 22, 1982.