# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JACOB A. BECKWITH,

        Respondent,

        v.

SEIL REVELS, an individual,

        Appellant,

SQPUTT, LLC, a Washington limited
liability company,

        Defendant.

No. 70917-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 4, 2014

APPELWICK, J. — The issue presented on appeal is whether the trial court abused its discretion when it conditioned vacating a default judgment on the defendant's payment of the plaintiff's attorney fees. We affirm.

## FACTS

On May 28, 2013, Jacob Beckwith filed a complaint against Seil Revels and SQPutt LLC in King County Superior Court. Beckwith alleged breach of contract by SQPutt for failing to repay short term loans and breach of fiduciary duty by Revels for gross negligence and intentionally misusing company funds. He also demanded an accounting from Revels. Beckwith requested a judgment of $112,811.06 against SQPutt and Revels. On May 30, Beckwith served the summons and complaint on Revels. Beckwith served the registered agent of SQPutt on June 3.

Revels met with an attorney on June 18 to discuss representation. He brought the summons and complaint to the meeting. Revels and SQPutt retained the attorney on June 20. However, by June 21, Revels failed to answer or otherwise appear in the action. As a result, Beckwith moved for an order of default and default judgment against Revels on June 21. That same day, the trial court granted Beckwith's motion and entered default against Revels.

On June 24, Revels and SQPutt filed an answer with the superior court. However, Revels did not serve the answer on Beckwith until July 12. Beckwith moved for an order of default and default judgment against SQPutt on June 25. The trial court entered default against SQPutt the same day.

On July 12, Revels and SQPutt moved to vacate default under CR 60(b)(1).[1] However, the motion was procedurally defective, because Revels noted it for a hearing, instead of obtaining a show cause order scheduling a hearing, as required by CR 60(e). Beckwith's counsel contacted Revels's counsel and requested that the defective motion be stricken and processed correctly. Revels's counsel failed to do so. As such, on July 31, the trial court denied Revels's motion to vacate without prejudice. The court pointed out that Beckwith's "counsel notified Defendants' counsel of this defect in an effort to avoid the costs of responding formally, but Defendants' counsel failed to strike the Motion."

---

[1] A party moving to vacate under CR 60(b)(1) must show that (1) there is substantial evidence supporting a prima facie defense; (2) the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) the defendant acted with due diligence after notice of the default judgment; and (4) the plaintiff will not suffer a substantial hardship if the default judgment is vacated. Little v. King, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007).

2

On August 5, Revels again moved to vacate default under CR 60(b)(1), this time using the correct procedure. On August 19, the trial court entered a conditional order vacating the default order and judgment against Revels and SQPutt. The court found all four of the CR 60(b)(1) requirements to be met. However, the court ruled that the two default judgments would only "be vacated once defendants have paid plaintiff the costs of filing defaults and responding to this motion." The court stayed the judgment and ordered Beckwith to file a cost bill within seven days. Beckwith submitted the cost bill four days later, requesting $3,937.50 in attorney fees. Revels opposed the request.

On September 3, the trial court awarded Beckwith $3,468.75 in attorney fees. The court reduced Beckwith's award, because the default judgment against SQPutt was entered after the answer was filed, but before it was served on Beckwith. The court specified that Revels had until 5:00 p.m. on September 13 to pay the fees. Otherwise, "the orders and judgments by default entered in this cause on June 21 and June 25, 2013, shall remain in full force and effect and defendants shall be entitled to no further relief from entry of said judgments."

Revels failed to pay Beckwith's attorney fees by September 13. On September 16, Beckwith certified to the court that Revels had not satisfied the conditions for vacating default. Revels and SQPutt appealed. SQPutt was thereafter voluntarily dismissed as a party to the appeal.[2] Revels remains.

---

[2] Because SQPutt is no longer a party to this appeal, we do not consider its argument that it did not receive notice of default.

DISCUSSION

Revels argues that the trial court lacked statutory authority to condition vacating the default judgment on his payment of Beckwith's attorney fees. Specifically, he asserts that RCW 4.72.010, .050, and .060 do not give courts any such power. In the alternative, Revels argues that the trial court abused its discretion under the court rules. He asserts that it is unjust to condition vacating default judgment on the defendant's payment of attorney fees where the default judgment is entered less than 30 days after service and the defendant's failure to timely appear was due to his attorney's negligence.

Revels's statutory argument fails. Chapter 4.72 RCW does not apply, because it has been superseded by CR 60(b). State v. Scott, 20 Wn. App. 382, 386, 580 P.2d 1099 (1978), aff'd, 92 Wn.2d 209, 595 P.2d 549 (1979). CR 60(b) "now provides the exclusive basis for modifying or vacating final judgments in both criminal and civil cases." Stanley v. Cole, 157 Wn. App. 873, 881 n.12, 239 P.3d 611 (2010). Vacating a default judgment under CR 60(b) lies within the discretion of the trial court. Scott, 20 Wn. App. at 388. The trial court did not lack statutory authority to condition vacating default on the payment of fees.

CR 60(b) allows the trial court to award terms that it considers just to either a moving party or opposing party in a motion to vacate default judgment: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment." See also Housing Auth. of Grant County v. Newbigging, 105 Wn. App. 178, 192, 19 P.3d 1081 (2001). "The decision to impose terms as a condition on an order setting aside a judgment lies within the discretion of the court." Knapp v. S.L. Savidge, Inc., 32 Wn. App. 754, 756, 649 P.2d 175 (1982). The rule is equitable in nature.

4

Newbigging, 105 Wn. App. at 192. The trial court has liberal discretion to preserve substantial rights and do justice between the parties in awarding terms. Id. A trial court abuses its discretion when it is exercised on untenable grounds or for untenable reasons. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007).

In Newbigging, the trial court imposed terms and awarded the defendant half her attorney fees for successfully vacating a default judgment. 105 Wn. App. at 192-93. There, the plaintiff obtained default under highly questionable circumstances, but the defendant bore some responsibility for her predicament. Id. Given these equities, the trial court did not abuse its discretion in splitting the difference. Id. at 193.

In Knapp, the plaintiff and his attorney failed to appear when the case was called, instead showing up 35 minutes late. 32 Wn. App. at 757. In the intervening time, the trial court granted the defendants' motion to dismiss. Id. The trial court vacated dismissal on the condition that the plaintiff pay $1,000 to each of the two defendants as terms. Id. at 756. The appellate court held that imposing these terms was an abuse of discretion. Id. at 758. First, the terms were unrelated to the reasons for dismissal. See id. at 757. Second, both defense attorneys spoke to plaintiff's counsel the day before and knew he was prepared for trial and intended to be in court. Id. And, third, the order of dismissal was presented to the judge before the defendants attempted to telephone plaintiff's counsel. Id. "At best, counsel acted in a manner inconsistent with basic professional courtesy." Id. Therefore, it was inequitable to impose terms as the trial court did. See id. at 757-58.

Here, Beckwith served Revels on May 30. Revels did not seek representation until June 18 or retain an attorney until June 20. Revels's attorney then failed to file a notice

of appearance or an answer, or even call Beckwith's attorney, by June 21. As a result, more than 20 days elapsed since service, and Beckwith expended costs moving for default against Revels. CR 12(a)(1); CR 55(a)(1). Revels acknowledges that Beckwith was within his rights in moving for default. Revels then filed an answer on June 24, but failed to serve the answer on Beckwith until July 12. Without notice of this answer, Beckwith again expended costs moving for default against SQPutt.

Then, on July 12, Revels filed a defective motion to vacate the default. Beckwith's counsel notified Revels's counsel, giving him the opportunity to correct the defect and avoid additional time and expense responding to the motion. Revels's counsel failed to correct the error. As a result, Beckwith was again forced to expend costs in pointing out to the court that the motion was defective. When Revels finally filed a proper motion to vacate, Beckwith again had to respond.

These facts demonstrate that both Revels and his attorney made errors that resulted in extra work and expenses for Beckwith. But for these errors, Beckwith would not have needed to twice move for default or twice respond to Revels's motion to vacate. The trial court's award of fees directly related to these expenses. The award made Beckwith whole and rebalanced the equities between the parties.

Revels further asserts that it was an abuse of discretion for the trial court to impose terms on him rather than on his attorney, who Revels claims made the mistakes. Revels fails to cite any authority for the notion that he is not responsible for the actions of his attorney/agent in the course of litigation. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments without citation to

authority need not be considered).  And, as for any dispute between Revels and his attorney, that issue is not before us.

Under the circumstances, we cannot say that the trial court abused its discretion in conditioning vacating the default judgment on Revels's payment of Beckwith's attorney fees.

We affirm.

_Appelwick, J._

WE CONCUR:

_Trickey, J_ _Spearman, C.J._