IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KRISTEN ABENDROTH, a Washington resident; KYLE ABENDROTH, a Washington resident; DOUGLAS BILES, a Washington resident; ALICE BILES, a Washington resident; ALEJANDRO CALDERON, a Washington resident; EYRIA EATMON, a Washington resident; DIONNE EATMON, a Washington resident; CALVIN JONES, a Washington resident; CHARLOTTE JONES, a Washington resident; DARRIN MARTIN, a Washington resident; AMBER MARTIN, a Washington resident; MATTHEW SHAFFER, a Washington resident; JONI MCKEE, a Washington resident; KRISTY COLUNGA, a Washington resident; JOHNNY WILLIAMS JR., a Washington resident, | No. 83333-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| Appellants, | |
| v. | |
| BENJAMIN RYAN COMMUNITIES LLC, fka BUILDERS OF AMERICA LLC, a Washington Limited Liability Company, | |
| Respondent. | |
| BUILDERS OF AMERICA, LLC, a Washington limited liability company, | |
| Third-Party Plaintiff, | |
| v. | |
| AA SIDING LLC, a Washington limited liability company; KLIM ROOFING AND CONSTRUCTION, INC., a Washington corporation; and CUSTOM HOME | |

Citations and pin cites are based on the Westlaw online version of the cited material.

SOLUTIONS LLC, a Washington limited
liability company; ROBERT E. ANSON,
dba ANSON MASONRY; ANGEL'S HOME
CONSTRUCTION, INC., a Washington
corporation; NORTHWEST CUSTOM
DECKS, INC., a Washington corporation;
CHARLES W. PARKER, dba PARKER &
SONS; PACIFIC CHOICE
CONSTRUCTION LLC, a Washington
limited liability company; and RUSTY
NAIL, INC., a Washington corporation,

Third-Party Defendants.

CHUN, J. — Plaintiff homeowners sued Benjamin Ryan Communities LLC (BRC), f/k/a Builders of America LLC, over alleged defects in their houses. BRC moved for summary judgment. Plaintiffs did not file briefing or evidence opposing the motion and did not appear at the summary judgment hearing. The court granted summary judgment dismissing plaintiffs' claims. Plaintiffs moved for vacation of the order under CR 60(b), arguing excusable neglect. The court vacated its summary judgment order to allow plaintiffs to appear for a summary judgment hearing but prohibited further briefing. Following a second summary judgment hearing, the court again granted summary judgment, dismissing all of plaintiffs' claims. BRC requested attorney fees and costs, which the court awarded.

Plaintiffs appeal, contending: (1) the trial court erred by prohibiting further briefing and submission of evidence, (2) the court erred by not considering their declarations, (3) the court erred by granting summary judgment on the breach of contract claims, (4) the court erred by dismissing some claims with prejudice because BRC failed to so request, (5) RCW 64.50.020 prohibits the court from

2

dismissing its claims with prejudice, (6) the court erred by not applying a setoff to the award of attorney fees and costs, (7) the court erred by not applying the doctrine of unjust enrichment to the award, (8) the contract provision providing for attorney fees and costs was ambiguous, (9) BRC failed to prove damages or pecuniary loss, and (10) BRC failed to prove the reasonableness of its requested award.  For the reasons below, we affirm.

## I. BACKGROUND

Plaintiffs are homeowners of 10 houses in Tacoma.  They sued BRC—the company that constructed, marketed, and sold the houses—asserting claims related to alleged defects in the houses.  The claims were breach of contract, breach of warranty, violation of the Washington Consumer Protection Act (CPA),[1] negligent misrepresentation, and breach of the independent duty doctrine.

### A.  First Summary Judgment Hearing

BRC moved for summary judgment.  Its motion did not explicitly request dismissal with prejudice, but it did request dismissal without prejudice for the breach of warranty claims.  BRC made these arguments: (1) that the construction statute of repose barred all claims related to seven of the houses, (2) that Washington law did not support the breach of the independent duty doctrine claim, (3) that Washington law did not support the negligent representation claim, (4) that plaintiffs did not meet the elements of a CPA claim, (5) that plaintiffs failed to provide adequate notice for the breach of warranty claims as RCW 64.50.020 requires, (6) that one of the plaintiffs was not in privity with it,

_____

[1] Ch. 19.86 RCW.

and (7) that plaintiffs failed to establish the elements of the breach of contract claim. It supported its motion with multiple declarations and exhibits.

Defense counsel originally noted the summary judgment hearing for November 1, 2019. They notified opposing counsel. Then, to comply with a case management requirement, defense counsel re-noted the hearing for August 30, 2019, and informed opposing counsel. Sarah Noble, the office manager for plaintiffs' counsel, pointed out to defense counsel that setting the hearing on August 30 would violate CR 56's requirement of 28 days' notice, and said that multiple days, including September 20, were open. Thus, defense counsel re-noted the hearing for September 20 and again notified opposing counsel.

Yet plaintiffs did not respond to the summary judgment motion; it did not submit any briefing or evidence in opposition. On September 17, three days before the hearing, Noble emailed defense counsel, asking whether there was a hearing on September 20. Defense counsel responded affirmatively the next morning.

On September 20, the trial court held the summary judgment hearing and plaintiffs' counsel did not appear. The court granted the summary judgment motion and signed BRC's proposed order. Defense counsel downloaded the executed order on October 1 and sent it to plaintiffs' counsel on October 3. By that time, the 10-day period to file a motion for reconsideration had passed.

4

B. CR 60(b) Motion

On October 10, plaintiffs filed a CR 60(b)[2] motion requesting that the court vacate the summary judgment order. Plaintiffs' counsel claimed that he thought the summary judgment hearing was still on November 1. He contended that defense counsel purposefully waited until 10 days had passed before sending the order to plaintiffs' counsel so that they would be unable to move for reconsideration. Plaintiffs' counsel attached declarations from attorney Todd Skoglund and expert Martin Flores. The Skoglund declaration included exhibits such as purchase and sale agreements and warranties. The expert declaration concerned Flores's inspections of the houses and discovery of defects.

BRC opposed the CR 60(b) motion, arguing that it was simply a motion for reconsideration disguised as a CR 60(b) motion. BRC contended that the evidence plaintiffs submitted was inadmissible for multiple reasons and that it was directed at opposing the summary judgment motion, not at supporting the CR 60(b) motion.

The trial court held a hearing on the CR 60(b) motion. There, Skoglund argued for the first time that he suffered from vertigo and that the condition amounted to excusable neglect under CR 60(b)(1). The court concluded that Skoglund's illness led to excusable neglect and vacated the summary judgment order. The court asked BRC to schedule another summary judgment hearing so

---

[2] CR 60(b) provides, in part, "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."

5

plaintiffs could appear for oral argument. But the court noted that the summary judgment deadlines had passed and, in its order, stated that briefing on the summary judgment motion was closed.

C. Second Summary Judgment Hearing

The court held a second summary judgment hearing on November 15. Plaintiffs argued that the declarations they submitted with their CR 60(b) motion were properly before the court for its consideration of the summary judgment motion. BRC disagreed. The court did not expressly address the issue. Plaintiffs conceded that BRC should prevail on three of its arguments: the ones on the independent duty doctrine, negligent misrepresentation, and the CPA. The court accepted the concessions and, after argument, granted BRC's summary judgment motion on all the claims.

The parties then submitted competing orders, leading to another hearing on November 26. During the hearing, plaintiffs argued that all their claims should be dismissed without prejudice rather than with prejudice. The court signed BRC's proposed order. The order listed the submissions the court considered, and the list did not include the declarations plaintiffs submitted in connection with their CR 60(b) motion. The order dismissed with prejudice all claims associated with seven of the houses as barred by the statute of repose. It dismissed with prejudice the breach of contract claims for the remaining three houses. And it dismissed without prejudice the breach of warranty claims for these three houses based on plaintiffs' failure to adequately notify the defendant under RCW 64.50.020.

6

D. Attorney Fees and Costs

BRC then moved for $66,410.60 in attorney fees and $64,249.39 in costs based in part on language in the purchase and sale agreements. The language states, "[I]f Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses." Plaintiffs responded that they did not have to pay BRC fees and costs because insurers had provided BRC with a defense. They also challenged the reasonableness of the fees.

The court held a hearing on January 24, 2020. It noted that no law supported a setoff of the fees based on insurers having paid for some or all of the attorney fees and that the contractual language clearly provided for fees and costs to the prevailing party. The court ruled for BRC and entered an order awarding fees and costs in the amount BRC requested.

E. Appeal

In February 2020, plaintiffs appealed the summary judgment order and the order awarding attorney fees and costs.[3]

In September, the trial court entered a judgment for fees and costs, which included findings of fact and conclusions of law. The court found the hours spent on the case and the hourly rate to be reasonable. And it found the expert costs

---

[3] Plaintiffs did not designate the court's order on plaintiffs' CR 60(b) motion in their notice of appeal as required by RAP 5.3(a). BRC does not raise a RAP 5.3(a) argument. We review the order pursuant to RAP 2.4(b). See Cox v. Kroger Co., 2 Wn. App. 2d 395, 407, 409 P.3d 1191 (2018) (we will review an undesignated order if "'the order or ruling prejudicially affects the decision designated in the notice'" (quoting RAP 2.4(b))).

to be reasonable.

Division Two sua sponte issued an order granting plaintiffs leave to supplement the record with the fee judgment and to submit a supplemental brief addressing the judgment. Plaintiffs filed a supplemental brief, which did not challenge the judgment or any findings and instead stated that the judgment "appears to be compliant with the Civil Rules and Rules of Appellate Procedure."

## II. ANALYSIS

### A. Burnet Claim

Plaintiffs say that the trial court erred by prohibiting them from submitting briefing and evidence in opposition to BRC's motion for summary judgment. They claim that excluding evidence was a harsh sanction for which the court failed to conduct a required Burnet[4] analysis. BRC responds that the court had discretion to include "just" terms to its granting of plaintiffs' CR 60(b) motion, and the ruling prohibiting briefing and submission of evidence was such a term and not a sanction. We agree with BRC.

We review a trial court's ruling on a CR 60(b) motion for abuse of discretion. Jones v. Home Care of Wash., Inc., 152 Wn. App. 674, 679, 216 P.3d 1106 (2009). "Discretion is abused where it is exercised on untenable grounds or for untenable reasons." Id.

---

[4] Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997) (requiring a court applying a "harsher" remedy to consider on the record whether (1) the party acted willfully or deliberately, (2) the other party was substantially prejudiced, and (3) a lesser sanction would suffice (quoting Snedigar v. Hodderson, 53 Wn. App. 476, 487, 768 P.2d 1 (1989)).

CR 60(b) provides, "On motion and *upon such terms*[5] *as are just*, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding." (Emphasis added.) "'The decision to impose terms as a condition on an order setting aside a judgment lies within the discretion of the court.'" Hous. Auth. of Grant County v. Newbigging, 105 Wn. App. 178, 192, 19 P.3d 1081 (2001) (quoting Knapp v. S.L. Savidge, 32 Wn. App. 754, 756, 649 P.2d 175 (1982)). CR 60(b) "is equitable in nature and gives the trial court liberal discretion to 'preserve substantial rights and do justice between the parties.'" Id. (quoting Pamelin Indus., Inc. v. Sheen–U.S.A., Inc., 95 Wn.2d 398, 404, 622 P.2d 1270 (1981)).

Plaintiffs compare this case to Keck v. Collins, 184 Wn.2d 358, 368, 357 P.3d 1080 (2015), in which the trial court held that an order striking evidence as untimely for a summary judgment hearing was a harsh sanction requiring a Burnet analysis. They contend the trial court erred by not conducting such an analysis here and that such an analysis would prohibit the exclusion of evidence. But this case differs from Keck. There, the plaintiffs filed an affidavit after the summary judgment filing deadline but before the summary judgment hearing and the court struck the affidavit and did not consider it. Id. at 366–67. Here, plaintiffs did not submit any evidence before the summary judgment hearing, untimely or otherwise. Instead, plaintiffs failed to appear for the hearing, then

---

[5] While "terms" may refer in some cases to payment of legal expenses, it is not limited to such payments. Cf. Guess?, Inc. v. Chang, 912 F. Supp. 372, 380 (N.D. Ill. 1995) (affirming the trial court's application of a "condition that the personal property identified in the turnover order remain in the possession of Guess? and not be liquidated").

moved for vacation of the summary judgment order under CR 60(b). As BRC points out, the court's decision to prohibit new briefing and evidence stemmed from its order on the CR 60(b) motion.

Courts have "liberal discretion" to "'do justice between the parties'" and this includes imposing conditions to its order granting relief under CR 60(b). Newbigging, 105 Wn. App. at 192 (quoting Pamelin Indus., Inc., 95 Wn.2d at 404). And plaintiffs do not argue that the court's decision was not a "just" term under CR 60(b).

B. Claim of Deceit

Plaintiffs claim that BRC "deceitful[ly]" told the court to rely on the declarations plaintiffs submitted with their CR 60(b) motion during the hearing on that motion and then switched positions at the summary judgment hearing. They say the trial court then erred by not considering the declarations when ruling on the summary judgment motion. BRC responds that the trial court did not err and made clear at the earlier hearing that it was not going to consider the declarations as they were untimely. We conclude that the court acted within its discretion by not considering plaintiffs' declarations from their CR 60(b) motion when deciding the summary judgment motion.

We review decisions to exclude evidence for abuse of discretion. Coogan v. Borg-Warner Morse Tec Inc., 197 Wn.2d 790, 804, 490 P.3d 200 (2021).

Plaintiffs submitted two declarations with their CR 60(b) motion. The declarations and attached exhibits were clearly submitted to oppose the summary judgment motion rather than support the CR 60(b) motion. The Flores

declaration was about the expert's findings about defects in the houses and the

Skoglund declaration was titled "Declaration of Todd Skoglund in Support of

Plaintiffs' Response to Benjamin Ryan Communities LLC fka Builders of

America, LLC's Motion for Partial Summary Judgment." In its briefing and at the

CR 60(b) hearing, BRC argued to the trial court that the evidence plaintiffs

submitted with their CR 60(b) motion—the two declarations and attached

exhibits—were inadmissible and were attempts to rebut the summary judgment

motion after deadlines had passed. But at the CR 60(b) hearing, BRC also said

> My view is he attempted a chance to—he attempted a chance in a response to a motion for summary judgment by submitting evidence with this motion. That evidence does not relate to CR 60 or the CR 60 elements. It relates to summary judgment.
>
> So I would submit that it is briefed now—or you do have the evidence in front of you, and that you should consider it on that. Any other—anything else would amount to a third chance to respond to the motion for summary judgment, which would be unfair.[6]

At the hearing, the court recognized that the submission of evidence was

untimely. It then ruled that no further briefing, and apparently submission of new

evidence, was permitted but did not explicitly say whether it would consider the

two declarations. During the second summary judgment hearing, BRC

contended that there was no evidence in opposition to its summary judgment

motion in the record. The court did not address this contention during the

hearing. In the court's order granting BRC's summary judgment motion, the

court did not list the declarations among the materials it considered in ruling on

---

[6] Plaintiffs rely on this language to support their argument that BRC initially agreed that the declarations were properly before the court.

11

the motion.[7]

Plaintiffs' argument focuses on BRC's alleged wrongdoing, i.e., saying the court should consider the declarations and then saying the court should not consider them. But they cite no law supporting the claim that this led to reversible error by the trial court. M.E. through McKasy v. City of Tacoma, 15 Wn. App. 2d 21, 39, 471 P.3d 950 (2020), review denied sub nom. M.E. through Wilson v. City of Tacoma, 196 Wn.2d 1035, 478 P.3d 90 (2021) ("We will not consider issues or assignments of error that are not supported by argument or authority"); RAP 10.3(a)(6).

For the first time in their reply brief, plaintiffs say that BRC cannot claim the declarations were properly excluded based on their untimeliness because when the court vacated the first order granting summary judgment, all the deadlines associated with the motion for summary judgment were necessarily vacated. We need not address arguments raised for the first time in a reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."). Also, plaintiffs cite no law to support this contention. See M.E. through McKasy, 15 Wn. App. 2d at 39.

---

[7] Plaintiffs claim that by saying, "This Court is satisfied that the—that the facts before me, which I will be—which I have considered, are sufficient to find that there was excusable neglect," the court indicated that it admitted the declarations into the record. But this claim is an inferential leap. And in any event, the court indicated that the summary judgment deadlines had passed and that it did not consider the declarations in its order by not listing them as documents it considered.

C. Claim of "Ample" Evidence

Plaintiffs say the court erred by granting BRC's summary judgment motion when there was "ample" evidence in the record to support their breach of contract claim. BRC responds that because the court rightfully excluded the declarations submitted by plaintiffs, there was no evidence in the record to establish a genuine issue of material fact. It also emphasizes that the court's order dismissing the other four claims and all claims as to seven of the houses should remain undisturbed on appeal as plaintiffs' challenge is limited to the breach of contract claim. We agree with BRC.

We review de novo orders granting summary judgment. Turner v. Dep't of Soc. & Health Servs., 198 Wn.2d 273, 284, 493 P.3d 117 (2021). "Summary judgment is appropriate where there is no genuine issue as to any material fact, so that the moving party is entitled to judgment as a matter of law." Id. "We view the facts in a light most favorable to the nonmoving party." Id.

In granting summary judgment, the court accepted plaintiffs' concessions as to three of their five claims: the independent duty doctrine claim, the negligent misrepresentation claim, and the CPA claim. Plaintiffs do not claim error as to the dismissal of those three claims. The court also ruled that the statute of repose barred all claims for seven of the houses and thus granted summary judgment. Plaintiffs do not challenge the application of the statute of repose on appeal so we do not disturb the dismissal of all claims for those seven houses.[8]

---

[8] Plaintiffs challenge the summary judgment dismissal based on the statute of repose for the first time in their reply brief, so we do not address it. Cowiche Canyon

Finally, plaintiffs do not challenge the dismissal of the breach of warranty claims aside from the discussion below about dismissal without prejudice. Thus, we review the summary judgment order as it relates to the dismissal of the breach of contract claims for the remaining three houses.

As discussed above, in granting summary judgment, the trial court apparently did not consider the declarations attached to the CR 60(b) motion. And, discussed above, plaintiffs do not establish that the court erred in excluding them. Thus, the trial court did not consider any evidence in opposition to the motion for summary judgment, and so we cannot say that the court erred in deciding that there was no genuine issue as to any material fact for the breach of contract claims.

D. Claim of Failure to Request Dismissal with Prejudice

Plaintiffs say the court erred by dismissing their claims with prejudice when BRC did not request dismissal with prejudice in its summary judgment motion, reply, or proposed order. BRC responds that it was not required to so request and, citing a federal case,[9] says that summary judgment dismissals are presumed to be with prejudice. We conclude the court did not err.

"It is the responsibility of the moving party to raise in its summary judgment motion all of the issues on which it believes it is entitled to summary judgment." White v. Kent Med. Ctr., Inc., P.S., 61 Wn. App. 163, 168, 810 P.2d 4

_____

Conservancy, 118 Wn.2d at 809 ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

[9] Rivera v. PNS Stores, Inc., 647 F.3d 188, 195 (5th Cir. 2011) ("a motion for summary judgment 'is necessarily granted with prejudice'" (quoting Quintero v. Klaveness Ship Lines, 914 F.2d 717, 722 (5th Cir.1990)).

(1991).

BRC did not request dismissal with prejudice in its summary judgment motion. But in part of its motion, pertaining to dismissal under RCW 64.50.020, which requires dismissal to be without prejudice, BRC explicitly requested that the breach of warranty claims be dismissed without prejudice. It also did not specify that dismissal was with prejudice in its first proposed order. This order was later signed but then vacated by the court. The second summary judgment order did specify which claims were dismissed with prejudice and which claims were not.

Plaintiffs claim, without citing authority, that requesting that dismissal occur with prejudice is an "issue," which must be raised in the summary judgment motion. See White, 61 Wn. App. at 168 (holding that all "issues" must be raised in a summary judgment motion). But "[w]e will not consider issues or assignments of error that are not supported by argument or authority." M.E. through McKasy, 15 Wn. App. 2d at 39; RAP 10.3(a)(6). In any event, that BRC specified in its motion that it was requesting dismissal of the breach of warranty claims without prejudice suggests that it sought dismissal with prejudice of the other claims. Moreover, BRC's arguments for summary judgment, aside from the argument about lack of notice under RCW 64.50.020, were of the type that would seek dismissal with prejudice (e.g., that the statute of repose barred some claims or that Washington law does not provide for certain types of claims). Plaintiffs cannot cure the defects of those claims like it can a lack of notice. Plaintiffs also emphasize that dismissals under CR 41—concerning voluntary and involuntary

dismissals—are without prejudice. But the dismissal of claims here was not under CR 41, it was a summary judgment under CR 56.

   E.  Dismissal Without Prejudice Under RCW 64.50.020

Plaintiffs say the court erred by dismissing all their claims with prejudice because RCW 64.50.020 requires dismissal to be without prejudice. BRC responds by emphasizing that the court did dismiss without prejudice the breach of warranty claims, to which RCW 64.50.020 applied. We conclude the court did not err.

RCW 64.50.020(1) requires that adequate notice be given to a construction professional in a construction defect action. If adequate notice is not given, the trial court must dismiss the action without prejudice. RCW 64.50.020(6).

The court dismissed plaintiffs' breach of warranty claims without prejudice under RCW 64.50.020(6) but dismissed all other claims with prejudice. Thus, plaintiffs incorrectly claim that the court dismissed all of their claims with prejudice. It dismissed the breach of warranty claims without prejudice, as required by the statute.

Plaintiffs also appear to contend that the statute is somehow jurisdictional and that once the trial court decided that plaintiffs had given inadequate notice under RCW 64.50.020, it should have dismissed all their other claims without prejudice as well. Plaintiffs cite no authority to support such a contention. See M.E. through McKasy, 15 Wn. App. 2d at 39 ("We will not consider issues or assignments of error that are not supported by argument or authority");

16

RAP 10.3(a)(6).

   F. Attorney Fees and Costs

    1. Setoff for attorney fees and costs paid by insurers

As for the award of attorney fees and costs, plaintiffs say the trial court erred by failing to recognize its discretion to apply a setoff or other equitable doctrine, and by not applying such a setoff, given that insurers paid for BRC's defense. BRC says Washington and non-Washington courts have rejected the idea that a prevailing party is not entitled to attorney fees and costs simply because an insurer has paid for those fees and costs. We conclude the court did not err.

"Whether a party is entitled to attorney fees is an issue of law that we review de novo." Fairway Estates Ass'n of Apt. Owners v. Unknown Heirs, Devisees of Young, 172 Wn. App. 168, 181, 289 P.3d 675 (2012).

Attorney fees may be awarded only if authorized by contract, statute, or recognized equitable ground. Evanston Ins. Co. v. Penhall Co., 13 Wn. App. 2d 863, 877–78, 468 P.3d 651 (2020), review denied, 196 Wn.2d 1040, 479 P.3d 713 (2021).

The purchase and sale agreements between plaintiffs and BRC include an attorney fee provision, stating, "if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses." The parties do not dispute BRC is the prevailing party. In support of its motion for fees and costs, BRC introduced billing records. These records showed that insurers AIG and Wesco paid for some fees and

17

costs. At the hearing, plaintiffs argued that despite the contract provision, they should not be ordered to pay for attorney fees and costs because the insurers paid for BRC's defense. The court responded, "I have to look at the four corners of the document. It doesn't—the document itself, that clause doesn't say, you know, exclusive of any, you know, setoff, or prepayment by—pursuant to any indemnification." The court then awarded BRC attorney fees and costs.

Plaintiffs' argument that the court should have applied a setoff for the amount already paid by the insurers centers on the theory that BRC is not entitled to attorney fees and costs because insurers provided it with a defense. But plaintiffs cite no authority supporting such a theory. This court rejected a similar argument in Roats v. Blakely Island Maint. Comm'n, Inc., 169 Wn. App. 263, 286 n.10, 279 P.3d 943 (2012). See also Pub. Util. Dist. 1 of Grays Harbor County v. Crea, 88 Wn. App. 390, 396, 945 P.2d 722 (1997) ("The PUD argues that the trial court should not have awarded attorney's fees under the statute because Crea's fees were paid by an insurer that was not a party to the lawsuit. . . . This argument has no merit"). In Roats, the plaintiffs argued that the defendants "may not be granted an award of attorney fees to the extent that those fees were paid by its insurer." 169 Wn. App. at 286 n.10. This court held that the award was proper, noting, "Importantly, the purpose of such an award is not simply to 'make the Association whole,' as the Roatses contend; it is also to discourage the nonpayment of assessments by the Association's members."[10]

_____

[10] Plaintiffs seek to distinguish Roats by pointing out that here there is no other purpose to the award, such as discouraging nonpayment. But such an award could

18

Id.   And other jurisdictions have rejected similar arguments.[11]

Citing Corder v. Brown, plaintiffs contend that, without a setoff, BRC would reap an improper windfall.  25 F.3d 833, 839 (9th Cir. 1994).  In Corder, the Ninth Circuit held that a setoff was needed to prevent an "improper windfall" when some of the attorney fees had been paid by two other settling defendants.  Id. Corder, which is not binding on this court, is distinguishable because here, it was insurers, not other defendants, who paid for the fees and costs.  Plaintiffs fail to establish that the court erred by not applying a setoff.[12]

2.  Unjust enrichment

Plaintiffs say the court erred by not applying the unjust enrichment doctrine and rejecting BRC's request for attorney fees.  BRC notes that this argument also relies on the theory that a party cannot recover fees and costs if

---

discourage parties from bringing meritless claims.  And the purpose of the award was not the key basis for the court's decision in Roats.

[11] Avalon Care Ctr. - Fed. Way, LLC v. Brighton Rehab., LLC, No. 2:10-CV-01038 BSJ, 2013 WL 4027535, at *4 (D. Utah Aug. 7, 2013), aff'd, 595 F. App'x 794 (10th Cir. 2014) ("'Aegis is not excused from its obligation to reimburse Brighton for attorney's fees incurred in Brighton's defense because Brighton's defense costs were actually paid by Brighton's insurer. . . . '[i]t is well-settled that an award of attorney fees is not necessarily contingent upon an obligation to pay counsel.'" (alteration in original) (quoting Wilson v. Gen. Servs. Admin., 126 F.3d 1406, 1409 (Fed. Cir. 1997))); New Flyer Indus. Canada ULC v. Rugby Aviation, LLC, No. C18-299RSL, 2020 WL 5203580, at *1 (W.D. Wash. Sept. 1, 2020) ("[P]laintiffs contend that defendant lacks standing to recover attorney's fees because defendant's insurance carrier paid its attorney's fees and costs. . . . The Court rejects plaintiffs' standing argument").

[12] Plaintiffs contend as a policy matter that allowing for "double recovery" would chill litigation by harmed homeowners.  But on the other hand, adopting plaintiffs' approach could encourage unwarranted lawsuits against insured parties.  See Taniguchi v. Kan Pac. Saipan, Ltd., 633 F.3d 1218, 1220 (9th Cir. 2011), vacated and remanded, 566 U.S. 560, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012) ("If we were to adopt Taniguchi's suggested analysis, a plaintiff could file lawsuits against an insured defendant 'without incurring litigation costs after losing on the merits.'  In essence, Taniguchi's reasoning punishes a prevailing party for being insured." (citation omitted) (quoting Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639–40 (11th Cir. 19991))).

an insurer provides a defense and says that this argument should also be rejected as unsupported. We conclude the court did not err.

"A person has been unjustly enriched when [they have] profited or enriched [themselves] at the expense of another contrary to equity." Farwest Steel Corp. v. Mainline Metal Works, Inc., 48 Wn. App. 719, 731–32, 741 P.2d 58 (1987). A party claiming unjust enrichment must prove: "(1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." Young v. Young, 164 Wn.2d 477, 484–85, 191 P.3d 1258 (2008).

As BRC points out, the core of this argument is the same as plaintiffs' setoff argument discussed and rejected above. Plaintiffs also cite no authority applying the unjust enrichment doctrine to the award of attorney fees, nor are we aware of any. Because plaintiffs do not establish that the unjust enrichment doctrine applies here, we reject their argument.

3. Contract language

Plaintiffs say the term "entitled" in the attorney fee provision of the purchase and sale agreements renders the provision ambiguous.[13] They say that the provision does not specify who is to pay the prevailing party attorney fees and costs and when such a payment should occur and that, because of the ambiguity, the provision should be interpreted in their favor. BRC says we

_____

[13] Plaintiffs appear to make the same ambiguous contract language argument under multiple headings in their brief. We address all of them here.

should decline to address this argument because it is unsupported by argument and authority. We address this argument and conclude the court did not err.

"Whether a contractual provision authorizes the award of attorney fees is a question of law reviewed de novo." Renfro v. Kaur, 156 Wn. App. 655, 666–67, 235 P.3d 800 (2010).

"When interpreting contracts, we attempt 'to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties,' imputing an intention corresponding to the reasonable meaning of the words used.'" In re Est. of Petelle, 195 Wn.2d 661, 665, 462 P.3d 848 (2020) (quoting Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005)).

> The intent of the parties may be discovered from "the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties."

Healy v. Seattle Rugby, LLC, 15 Wn. App. 2d 539, 544–45, 476 P.3d 583 (2020) (internal quotation marks omitted) (quoting Tanner Elec. Coop. v. Puget Sound Power & Light Co., 128 Wn.2d 656, 674, 911 P.2d 1301 (1996) ). "A contract term is ambiguous only when, viewed in context, two or more meanings are reasonable." Id. at 545. "A court will not read ambiguity into a contract 'where it can reasonably be avoided.'" GMAC v. Everett Chevrolet, Inc., 179 Wn. App. 126, 135, 317 P.3d 1074 (2014) (quoting Mayer v. Pierce County Med. Bureau, Inc., 80 Wn. App. 416, 421, 909 P.2d 1323 (1995)). "An interpretation which

gives effect to all of the words in a contract provision is favored over one which renders some of the language meaningless or ineffective." Id. (quoting Seattle– First Nat'l Bank v. Westlake Park Assocs., 42 Wn. App. 269, 274, 711 P.2d 361 (1985)).

The attorney fees provision of the purchase and sale agreements provides:

> Professional Advice and Attorneys' Fees. Buyer and Seller are advised to seek the counsel of an attorney and a certified public accountant to review the terms of this Agreement. Buyer and Seller agree to pay their own fees incurred for such review. However, if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses.

This provision is not ambiguous, and its reasonable meaning supports the court's award of attorney fees and costs to BRC. The second sentence in the provision explains that plaintiffs and BRC are respectively responsible for paying their own fees for a review of the agreement. The final sentence, the one at issue here, begins, "However," and provides that in the event of a lawsuit "the prevailing party is entitled to reasonable attorneys' fees and expenses." The use of the word, "However," explains the relationship between the two sentences. Each party is responsible for their own fees, *however*, in the case of a lawsuit one party is responsible for the other party's fees and expenses. If the provision would be satisfied by an insurer paying said fees and expenses, the sentence would not need to be qualified in such a way. See GMAC, 179 Wn. App. at 135 ("'An interpretation which gives effect to all of the words in a contract provision is favored over one which renders some of the language meaningless or

ineffective.'" (quoting Seattle–First Nat'l Bank, 42 Wn. App. at 274)).

4. Damages and pecuniary loss

Plaintiffs say the trial court erred by awarding attorney fees because BRC proved no damages or pecuniary loss. BRC does not respond. We conclude the trial court did not err.

Plaintiffs contend that BRC must prove that it suffered damages or pecuniary loss to be entitled to attorney fees. But in support of their contention they cite cases about breach of contract claims, which state that for a party to succeed on a breach of contract claim they must establish damages. See, e.g., Baldwin v. Silver, 165 Wn. App. 463, 473, 269 P.3d 284 (2011). But BRC's request for attorney fees and costs is not a claim for breach of contract. Plaintiffs cite no authority requiring proof of damage or pecuniary loss to be entitled to attorney fees.

5. Reasonableness of attorney fees and costs

Plaintiffs say the trial court erred by awarding attorney fees and costs because BRC failed to segregate its time,[14] explain what time was spent doing what tasks, or explain why its hours and hourly rates were reasonable. BRC responds that plaintiffs challenge none of the court's findings of fact or conclusions of law in the fee judgment. It says that since the reasonableness of

---

[14] Plaintiffs fail to explain which claims require segregation of time. See Bellevue Pac. Ctr. Ltd. P'ship v. Bellevue Pac. Tower Condo. Owners Ass'n, 171 Wn. App. 499, 517, 287 P.3d 639 (2012) ("When 'an attorney fees recovery is authorized for only some of the claims, the attorney fees award must properly reflect a segregation of the time spent on issues for which attorney fees are authorized from time spent on other issues.'" (quoting Hume v. Am. Disposal Co., 124 Wn.2d 656, 672–73, 880 P.2d 988 (1994))).

fees is a factual question, and because unchallenged findings are verities on appeal, plaintiffs' challenge fails. We agree with BRC.

"The reasonableness of an attorney fee award is subject to review for abuse of discretion." 224 Westlake, LLC v. Engstrom Properties, LLC, 169 Wn. App. 700, 734, 281 P.3d 693 (2012). "The party challenging the trial court[']s decision bears the burden of demonstrating that the award was clearly untenable or manifestly unreasonable." Bellevue Pac. Ctr. Ltd. P'ship v. Bellevue Pac. Tower Condo. Owners Ass'n, 171 Wn. App. 499, 517, 287 P.3d 639 (2012). "'Whether attorneys fees are reasonable is a factual inquiry depending on the circumstances of a given case.'" Id. (quoting Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 335, 858 P.2d 1054 (1993)).

> In its fee judgment, the trial court made these findings:
>
> 12.    The Court finds that the hourly rate billed by defense counsel is reasonable in light of the experience of those defense attorneys, the rates ordinarily billed for similar work in this jurisdiction, of which the Court is familiar, and considering the complexity of the case, which involved seven claims for relief relating to the construction of 10 homes. The Court also finds that the amount of hours billed was reasonable due to the complexity of the case, the number of claims and issues involved, and the length of the case. The Court further finds that defense counsel was required to expend additional time on the case due to plaintiffs' counsel's failure to respond to motions or to appear before the court at the date and time noted for motions, necessitating additional briefing and trips to the courthouse.
>
> 13.    The Court also finds that the amount billed for expert fees is reasonable in light of the complexity of the factual issues relating to the construction of 10 different homes. Multiple experts were required to inspect 10 different homes for different issues, and to perform an analysis of the issues and generate reports regarding the same. In light of all this, the amount billed is reasonable.

The court entered the judgment after plaintiffs appealed their case, but Division

24

Two allowed them to file a supplemental brief addressing the judgment. Despite that opportunity, plaintiffs did not assign error to these findings of fact and instead stated that the judgment "appears to be compliant with the Civil Rules and Rules of Appellate Procedure."

Plaintiffs raise two separate issues; neither is convincing. First, they contend that BRC failed to provide enough evidence to support the court's award of attorney fees and costs. But despite getting a chance to do so, they did not challenge the court's findings. Thus, the court's findings that the attorney fees and expert costs requested by BRC are reasonable are verities on appeal. See State v. Escalante, 195 Wn.2d 526, 531, 461 P.3d 1183 (2020). The court thus acted within its discretion in awarding the fees and costs to BRC.

Second, plaintiffs contend that we should remand this issue because we have an insufficient record to review it. The cases plaintiffs cite in support of this contention are distinguishable. In those cases, the record did not suffice to explain why the trial court reduced the amount awarded or the record was insufficient because the courts entered no findings of fact and conclusions of law. See Taliesen Corp. v. Razore Land Co., 135 Wn. App. 106, 146–47, 144 P.3d 1185 (2006) (remanding for the trial court to explain the basis for the reduction in the fee award); State Farm Mut. Auto. Ins. Co. v. Johnson, 72 Wn. App. 580, 595, 871 P.2d 1066 (1994) (remanding where the trial courts did not enter findings of fact stating the basis of the award precluding appellate review); Bentzen v. Demmons, 68 Wn. App. 339, 350, 842 P.2d 1015 (1993) (remanding because the trial court entered no factual findings supporting its basis for

awarding fees, thus precluding appellate review); <u>Smith v. Dalton</u>, 58 Wn. App. 876, 885, 795 P.2d 706 (1990) (remanding because the record did not show why the trial court reduced the requested award); <u>Rhinehart v. Seattle Times</u>, 59 Wn. App. 332, 342, 798 P.2d 1155 (1990) (remanding because the record lacked the verbatim report of proceedings creating an insufficient record to review the trial court's reduction of the award). Neither of these issues is present here.

We affirm.

_____
Chun, J.

WE CONCUR:

_____        _____
Mann, C.J.                     Appelwick, J.